Badger vs. The Glens Falls Insurance Co.

BADGER vs. THE GLENS FALLS INSURANCE COMPANY.

*April 26 — May 11, 1880.*

FIRE INSURANCE.  *(1, 3) Waiver of notice and proofs of loss, what amounts to.  (2, 4) Strict construction.*

1.  Whether an examination of the assured, *not under oath*, concerning a loss by fire, made by the insurer a few days after such fire, is a waiver of written proofs of loss, is not here determined; but such an examination is a waiver of the mere *notice* of the loss called for by the policy.
2.  Where the loss occurred on the night of the 29th and 30th of December, and the assured mailed his proofs on the 29th of January following, *quære* whether this was not a compliance with a requirement that such proofs should be furnished "within thirty days."
3.  Where the only objection made to such proofs by the insurer at the time was, that they did not include a certain certificate (the assured having

a right to furnish such certificate later), that was a waiver of the objection that they were not furnished in time.

4. The policy provides that the assured shall forthwith give notice of the loss, "and within thirty days render a particular account of such loss . . . ; and shall also produce a certificate" of a certain character from the chief of the fire department, etc. *Held*, that the provision must be construed strictly to avoid a forfeiture, and that it does not require such certificate to be produced within thirty days.

APPEAL from the Circuit Court for *Winnebago* County. Action on a policy of insurance on household furniture destroyed by fire during the term of the policy. The contest related solely to the sufficiency of the notice and the proofs of loss furnished by defendant. The material portions of the policy are as follows:

"Persons sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and within thirty days render a particular account of such loss, signed and sworn to by them, stating the time, origin, and circumstances of the fire; the title, cash value of all *incumbrances* upon, and interest of claimant and all others in, the herein described property; the amount of loss or damage; all other insurance covering any of said property at any time since this policy was issued, and a copy of the written parts of all policies therefor; the change of title, use, occupation and possession, if any, of the insured property during the same time; whether there has been any increase of risk or hazard; . . . and shall also produce a certificate, under the hand and seal of the chief of the fire department, or his assistant, if said property is situated within the jurisdiction of any such officer, and if not, then under the hand and seal of a magistrate nearest to the place of the fire (not concerned in the loss as a creditor or otherwise, nor related to the assured), stating he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property in-

sured to the amount which such chief, assistant or magistrate shall verify."

No notice in writing of the loss was given, but a few days after the fire the adjuster or general agent of the company examined the plaintiff and his wife (although not under oath), and from their statements made a full inventory of the property destroyed, and retained the same. Formal proofs of loss were afterwards furnished by the plaintiff, together with the required certificate of the chief of the fire department, at the time and under the circumstances stated in the opinion. The court directed a verdict to be returned for the plaintiff; and from a judgment on such verdict the defendant appealed.

*Chas. W. Felker,* for appellant:

Plaintiff was required, by the terms of his policy, to give notice of loss, in writing, *forthwith,* and within thirty days to render a particular account of such loss and furnish a certificate from the chief of the fire department. The fire occurred on December 29, 1878. No notice in writing was given, and, the regular proofs of loss were not mailed until January 29, 1879. When mailed, they were not accompanied by the proper certificate. The act of Clifford, the company's agent, in taking the examination of plaintiff, was no waiver of notice, because not done until January 16, long after notice was due. *Cornell v. Ins. Co.,* 18 Wis., 387. The proofs and certificate were unquestionably too late, and there was nothing which can be construed as a waiver of them. Unless, therefore, the plaintiff is to receive at the hands of the court complete absolution from the terms of the contract, he cannot recover. *Trask v. Ins. Co.,* 29 Pa. St., 198; May on Ins., 568, § 465; Wood on Ins., 691, 693, §§ 411, 412; *Cornell v. Ins. Co., supra; Bonner v. Ins. Co.,* 13 Wis., 677; *Smith v. Ins. Co.,* 1 Allen, 297; *Blakely v. Ins. Co.,* 20 Wis., 205; *Carpenter v. Ins. Co.,* 4 id., 22. It seems contrary to sound policy to construe the acts of agents in examining into the facts of a loss, as waiving the conditions of the policy. Most losses are

adjusted in this way without delay or expense to the assured. But if the courts are swift to discover in these acts waivers of the express conditions of the contract, the insurer and assured will be at once, in case of a loss, put at arm's length, and the speedy and equitable settlement of losses will be prevented.

*Gabe Bouck*, for respondent:

1. The condition requiring proofs of loss within thirty days is in the nature of an independent covenant. No forfeiture is predicable thereon. As the insurer furnished the policy, it is fair to infer that if any forfeiture had been intended, it would have been expressed. The insurer's remedy for non-compliance is therefore upon the covenant, for damages sustained. On the question of dependent and independent covenants, see 1 Wms. Saund., 320, note 4; *Kingston v. Preston*, Doug., 690; 2 Parsons on Con. (3d ed.), 37–39; 1 Hilliard on Con., 140, § 14; *Prop'r of Mill-Dam Found. v. Hovey*, 21 Pick., 417. 2. This condition is no part of the contract of insurance. It serves only to fix the time when the loss shall become payable, and a failure simply suspends payment. *McMaster v. P. and D. of Ins. Co.*, 55 N. Y., 222; *Franklin Ins. Co. v. Chicago Ins. Co.*, 36 Md., 102; *Priest v. Citizens' Ins. Co.*, 3 Allen, 604; *Weide v. Germania Ins. Co.*, 1 Dillon, 441. This position is sustained by the authorities holding that if proofs are furnished after the time without objection, or if the insurer denies all liability, or if the claim is submitted to arbitration, the condition as to proofs is waived. *Hibernia Ins. Co. v. O'Connor*, 29 Mich., 241; *State Ins. Co. v. Maackens*, 38 N. J. Law, 564; *O'Niel v. Buffalo F. Ins. Co.*, 3 Coms., 122; *McBride v. Rep. F. Ins. Co.*, 30 Wis., 562; *Bammessel v. Brewers' F. Ins. Co.*, 43 id., 463; *Williamsburg City F. Ins. Co. v. Cary*, 83 Ill., 453. If a breach worked a forfeiture, the policy would be dead, and could be revived only by a subsequent agreement upon adequate consideration. 3. The only purpose of preliminary proofs is to furnish the insurer with information as to the

character and extent of the loss, not to enable the company, by sharp practice and knavish tricks, to defeat the liability. If this purpose is gained in other ways, as in this case by personal examination and inquiries, the proofs become a mere idle formality, unnecessary and practically superfluous. 30 Wis., 562; 34 id., 363; *Parmelee v. Hoffman F. Ins. Co.*, 54 N. Y., 193; *Hoffman v. Ætna Ins. Co.*, 32 id., 405; *McMaster v. P. and D. of Ins. Co.*, 55 id., 222; *Ætna Ins. Co. v. Stevens*, 48 Ill., 31; 52 id., 464; *Sexton v. Ins. Co.*, 9 Barb., 191; *Security Ins. Co. v. Fay*, 22 Mich., 467; 3 Allen, 604; 1 id., 301; Wood on Ins., 719; May on Ins., 571, § 466. 4. The failure to furnish the proper certificate in thirty days was remedied by its subsequent delivery and acceptance without objection. 29 Mich., 241; 38 N. J., 571; 28 Wis., 472. Here, the assured in good faith attempted to comply with the conditions of his policy, and it would be unconscionable to hold that a simple *mistake* could not be amended after the thirty days had expired — that a failure in the smallest particular worked an entire forfeiture of the insurance. 5. The limitation as to time does not apply to the furnishing of the certificate, but only to the proofs of loss. If the certificate was delivered within a reasonable time afterward, it was sufficient. *Col. Ins. Co. v. Lawrence*, 10 Pet., 511; *Killips v. Putnam F. Ins. Co.*, 28 Wis., 472. 6. In any other than an insurance contract, the court would hold the stipulation as to service of proofs either unreasonable and therefore void, or else to be subject to compensation in damages upon nonperformance. Why the same rule should not apply here, it is difficult to conceive. Compare 1 Hilliard on Con., 208; *Lucas v. Godwin*, 3 Bing. N. C., 737; 32 Com. L., 430; *Wolf v. Geer*, 43 Iowa, 341; *Pixler v. Nichols*, 8 id., 106; *McClay v. Hedge*, 18 id., 66; *Jemmison v. Gray*, 29 id., 539; *Adams Exp. Co. v. Reagan*, 29 Ind., 21; *Hibbard v. West. Union Tel. Co.*, 33 Wis., 555; *Candee v. Same*, 34 id., 471.

LYON, J.   In the case of this plaintiff against the Phœnix
Insurance Company of Brooklyn (decided herewith), for a
loss caused by the same fire, we hold that the full examination
of the plaintiff, under oath, concerning the loss, pursuant to a
stipulation in the policy, is a waiver of the formal proofs of
loss required by the policy.   The authorities upon which that
decision is made are probably broad enough to justify an ap-
plication of the same rule to the present case.   Here the plaintiff
and his wife were fully examined (but not under oath) concerning
the loss, by the agent of the company, and a schedule of the
property destroyed or injured was made by the agent on such
examination and retained by him.   No intimation was made
to the plaintiff that further proofs of loss would be required.

We do not hold in this case that proofs of loss were waived
by such examination, but leave that point undecided.   It may
well be that the company is entitled to a sworn statement of
the loss under the contract, and this is not furnished by the
unsworn examination.   But we are clearly of the opinion that
such examination was a waiver of any mere notice of the loss
required by the policy.   The object of the notice is to give in-
formation to the insurer that a loss has occurred, so that it
may examine and ascertain its extent, and the circumstances
under which it occurred.   If the insurer acts upon informa-
tion obtained in another and less formal manner (as on verbal
notice, when written notice is required), and proceeds to make
such investigation, and in doing so requires the assured to sub-
mit to an examination, whether under oath or not, the giving
of formal notice ceases to be of any importance, and the insurer
ought to be held estopped to demand it.   This is all that need
be said concerning the failure of the plaintiff to give the
company notice in writing, forthwith after the fire, of the
destruction of the insured property.

The loss occurred on the night of the 29th and 30th of
December, and the plaintiff made out and doubtless mailed to

the company formal proofs of loss on the 29th of the following month. These proofs were received by the company at its office in the state of New York on the thirty-first of the latter month. If the loss dates from the 30th of December, the proofs were mailed on the 30th day thereafter. We are not prepared to say that the plaintiff did not, " within thirty days, render a particular account of such loss," as required by the policy. But, however that may be, the only objection which the company made to the proofs was, that the plaintiff did not, within thirty days after the loss, procure and produce the certificate prescribed in the policy, of the chief of the fire department of Oshkosh (within which city the insured property was situated), or his assistant, but only the certificate of a notary. That this specific objection was an effectual waiver of all other objections which might have been made to the proofs, but were not, is the settled law of this state. *Killips v. Ins. Co.*, 28 Wis., 472; *O'Conner v. Ins. Co.*, 31 Wis., 160.

Within a reasonable time after such objection was made to his proofs of loss, the plaintiff furnished to the company the certificate in due form of the chief of the fire department of Oshkosh. It does not appear that any objection was made thereto by the company, further than is contained in the objection to the original proofs. That objection is, that the certificate was not furnished within thirty days after the loss.

The only remaining question to be determined is, Does the policy require that such certificate shall be furnished within thirty days after the loss? The policy provides that " persons sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and within thirty days render a particular account of such loss; . . . and shall also produce a certificate under the hand and seal of the chief of the fire department or his assistant," etc. Construing this provision strictly, to avoid a forfeiture of the contract, we cannot say that it requires the assured to produce such certificate within thirty days after the loss. In the light of the rule

which requires us to construe the clause strictly against the insurer, to avoid forfeiture, we must read the contract thus: "The assured shall render the required account within thirty days after the loss, and he shall produce the required certificate within a reasonable time after the loss." Precisely the same rule of construction was adopted in the two cases above cited, wherein it was held that a clause in a policy that, "in case of loss, the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss," does not require the account to be rendered immediately, but only within a reasonable time after the loss.

It is believed that the views above expressed dispose of all the material errors assigned, adversely to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.