WRIGHT and wife, Respondents, vs. THE C. S. GRAVES LAND COMPANY, Appellant.

*May 27 — June 23, 1898.*

(1) *Evidence: Striking out: Immaterial error.* (2–5) *Contract of employment: Construction: Court and jury: Termination for breach: Waiver.*

1. Failure of the court, in striking out testimony, to name all the witnesses whose testimony should have been excluded, is not a material error, where plain and definite instructions to disregard the objectionable testimony were given in the charge to the jury.

2. By a written contract, plaintiffs agreed to move to a village being built up by defendant; to keep a boarding house and hotel there; to purchase of defendant not less than eighty acres of land, upon which they were to make monthly payments in services at the rate of $300 per annum; to " perform such labor as may be necessary in the superintending the clearing of land, building of roads, construction of buildings, or *any other labor* that may be required of him " by the defendant; and to furnish a span of horses, etc. A contract for the purchase of the land, made on the same day, fixed the consideration at $600, and recited that it was to be paid "according to the terms of a certain contract made by the parties, bearing even date herewith." *Held,* that the contracts should be construed together as one instrument, and that the plaintiffs thereby

became bound for a term of at least two years' service, and the defendant bound to accept payment in the manner indicated.

3. The contract first mentioned plainly required plaintiff to superintend "the clearing of land," etc., and also to superintend "any other labor" the defendant might have done there, but did not require him to do any work other than superintendence. It was error, therefore, to permit the jury to determine the construction to be given to the words "or any other labor;" but the error was not prejudicial to the defendant.

4. To justify a termination of such a contract of employment on the ground of plaintiff's refusal to work, there should be at least a reasonable showing of a demand and refusal to do some kind of work not inconsistent with other duties he had contracted to perform.

5. A party to a contract who insists upon a technical forfeiture of it upon certain specified grounds is deemed to have waived other breaches.

APPEAL from a judgment of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Affirmed.*

The defendant was a corporation engaged in the building up of a village and improvement of a tract of land in Clark county, Wisconsin. In February, 1894, plaintiffs and defendant entered into a written contract, by the terms of which plaintiffs agreed to move to Columbia, Clark county, Wisconsin, on or before March 15th; to keep a boarding house and hotel there; to purchase of defendant not less than eighty acres of land, to be paid for in monthly payments at the rate of $300 per year; " to perform such labor as may be necessary in the superintending the clearing of land, building of roads, constructing of buildings, or any other labor that may be required of him by the party of the first part." The plaintiffs were also to furnish a span of horses and a vehicle for use there without cost to defendant. For such services defendant agreed to pay plaintiffs $800 per annum,— $500 cash, and $300 to be applied on land contract. On the same day a land contract for eighty acres of land was made; the purchase price being $600, payable $300 and interest April 1, 1895, and $300 and interest April 1,

1896. The plaintiff *Emma Wright* alone was named as vendee therein.

Plaintiffs moved to Columbia early in March, 1894, and entered into the discharge of their duties. On August 31st plaintiffs were notified that one Weaver had been appointed superintendent "of clearing land, constructing of highways, building and constructing of buildings," etc.; and they were directed to govern themselves accordingly. On September 1st they were further notified "that your neglect and refusal to furnish a team of horses to work on lands" of defendant "is considered and accepted as a violation of your contract," and they were notified to vacate the premises. On September 4th another notice was served, reciting the notice of September 1st, asking them "to vacate and keep off the premises." Plaintiffs vacated the premises, and after the expiration of the first year brought this action to recover the amount due for a year's service and some small items of account not in controversy, less payments made for April, May, and June. Defendant answered, setting up the contract, and alleging a failure and refusal of the plaintiff husband to comply with its terms, by reason whereof it was canceled and terminated on September 1, 1894, and payment of all sums earned under the same. Judgment was rendered for plaintiffs for $418.78 and costs, from which this appeal is taken.

For the appellant there was a brief by *Ring & Carbys*, attorneys, and *A. E. Bleekman*, of counsel, and oral argument by *M. C. Ring*.

*L. M. Sturdevant*, for the respondents.

BARDEEN, J. The contract in question does not, in terms, specify how long it shall continue in force. The court held that it was at least for a year, and in this he was manifestly right. The two papers introduced in evidence (that is, the contract for service and the land contract) must be construed

as one instrument, for the purpose of determining the character of the transaction and the intention of the parties. *Herbst v. Lowe*, 65 Wis. 316.   The contract of service required the plaintiffs to purchase at least eighty acres of land, upon which they were to make monthly payments in services, at the rate of $300 per annum.   The land contract fixes the purchase price at $600, and recites that it was to be paid "according to the terms of a certain contract made by the parties, bearing even date herewith."   The plaintiffs thereby became bound for a term of at least two years' service, and the defendant was as much bound to accept payment in that manner.   Under the circumstances, it seems labor lost to argue that the contract could be terminated at will.

The chief contest on the trial arose over the proper construction to be given to the clause of the contract quoted in the statement of facts, as to the purpose of plaintiffs' employment.   The court was first of opinion that it was so ambiguous that reference should be had to the conversations of the parties at the time the contract was drawn, to ascertain its meaning.   He therefore permitted several witnesses to be examined on that subject.   Later, the court seemed to have altered his opinion, and notified the parties that such testimony should be stricken out; mentioning the names of several witnesses, but not including the name of *Mrs. Wright*, who had testified at length on this subject.   The defendant claims this to have been error.   Had it not been cured by express directions in the charge to the jury, the defendant's contention would have had substantial ground to rest upon. In his charge the court said: "But you may not consider what the parties said at the time of making the contract as to what construction they intended should be placed upon the words used, or their declarations on that subject, or their understanding of what the contract was.   Hence what was said by them in reference to the work which such plaintiffs were to perform is not admissible as evidence, and should not

Wis.]        JANUARY TERM, 1898.            273

Wright and wife vs. The C. S. Graves Land Co.

be considered by you." Here was a plain and definite direction to the jury to disregard the objectionable testimony, and it is not easy to perceive how the defendant has been injured in the premises.

The court, however, allowed the situation and surroundings of the parties to be shown in aid of an interpretation of the language used; and he permitted the jury to determine the construction to be given to the words "or any other labor," as used in the clause noted. As we view the case, this was error, but error against the plaintiffs, and which cannot be available to defendant. It seems to us perfectly evident that plaintiffs were hired not only to keep and run an hotel, but "to superintend" the clearing of land, building of roads, constructing of buildings, and also to superintend any other labor the defendant might have done there. Any other construction of the contract would seem to us inconsistent with the general purposes and objects of the transaction. But the parties had given the contract a practical construction by their acts. No claim seems to have been made that plaintiff should do any work other than superintending until it became evident that the scheme to build the city was not developing as expected. But there is another reason why this becomes unimportant: On August 31st defendant notified plaintiff *H. V. Wright* that he had been superseded as superintendent, and he was directed to govern himself accordingly. There is no claim of a termination of the contract by defendant at that time. On September 1st the new superintendent demanded that *Wright* should permit his team to go out to work. This *Wright* refused to do. Thereupon defendant served written notice that the refusal to furnish the team was a violation of his contract, and he was notified to immediately vacate the premises; and on September 4th another written notice was served, and the right to terminate the contract was based upon the notice of September 1st. There is no pretense in these notices that

defendant claimed a right to terminate the contract on any other ground. A party who proposes to insist upon a technical forfeiture of a contract upon certain grounds specified, is usually held to the case he has made. If he assumes to claim a forfeiture upon grounds specifically stated, he is deemed to have waived other breaches. This principle is recognized in *Badger v. Glens Falls Ins. Co.* 49 Wis. 389; and *Bast v. Byrne*, 51 Wis. 531, and seems entirely consistent with every principle of justice and equity. So, defendant having sought to terminate the contract because plaintiff refused to furnish a team to work on the land, the fact of whether plaintiff refused to do certain manual labor becomes immaterial, and its submission to the jury really put the defendant in a better position than it was entitled to.

The court sufficiently adopted the jury's conclusion by refusing to set aside the verdict and grant a new trial. *Central L. & E. Co. v. Moore*, 75 Wis. 170. But, if our conclusion were otherwise, we should hesitate to disturb the verdict, because of the failure of the proof to disclose what kind of work it was that plaintiff refused to perform. *Wright* admits that Mr. Phillips asked him to do things that he refused to do. Mr. Phillips says: "When I would ask him to work, it was the same old story,— that he did not have to work; that he was superintendent, and did not have to work." To justify a termination of the contract, there should be at least a reasonable showing of a demand and refusal to do some kind of work not inconsistent with the performance of other duties he had contracted to perform. No such showing is made in the evidence.

Some exceptions were taken to the argument of counsel at the trial. While not strictly within the rule of proper argument, it is not perceived how the defendant suffered injury sufficient to warrant a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.