BROOKS, Appellant, vs. NATIONAL EQUIPMENT CORPORATION, Respondent.

*September 15—October 11, 1932.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* of counsel, and oral argument by *Maxwell H. Herriott,* all of Milwaukee.

For the respondent there was a brief by *Zimmers, Jaekels & Zimmers,* attorneys, and *George A. Schutt* of counsel, all of Milwaukee, and oral argument by *Mr. Schutt* and *Mr. Raymond F. Jaekels.*

FRITZ, J. Plaintiff sued to recover salary for the unexpired portion of the second year of his employment by defendant, which had terminated the employment before the expiration of that second year. The sole question raised by a demurrer to an amended complaint on the ground that the facts alleged were insufficient to constitute a cause of action is whether there was a contract of employment for a definite term of one year. The employment was arranged by correspondence, which, so far as now material, was to the following effect: Defendant offered plaintiff "the position of general sales manager at a salary of $15,000 per year to begin with, and future increase in salary, or any arrangements for additional remuneration, will depend upon the efficiency and the manner in which the sales department is conducted under your direction." Plaintiff replied, requesting some officership, and "a chance on increasing my income if you will provide some basis—such as a bonus on increased sales or profits over the normal;" and inquired, "How would December 1 suit you as a time to start?" Next defendant inquired whether plaintiff "will take the position at $15,000 per year." It further appears from the complaint that plaintiff accepted the offer, moved his family from New York to Milwaukee, and entered defendant's employment on November 1, 1929. For his services de-

fendant paid him monthly, at a rate of $15,000 per year, until September 1, 1930, when he voluntarily accepted a ten per cent. reduction in salary to which defendant's employees were then subjected. Prior to entering defendant's employment, plaintiff had been very successfully engaged in manufacturing and selling and had earned more than $15,000 per year. ·

Although the precedents elsewhere are conflicting, in this state it has been the established rule that a hiring at some specified amount per month or year is, in the absence of other facts, an indefinite hiring only, which may be terminated at the will of either party. *Prentiss v. Ledyard*, 28 Wis. 131; *Dickinson v. Norwegian Plow Co.* 101 Wis. 157, 76 N. W. 1108; *Kosloski v. Kelly*, 122 Wis. 665, 100 N. W. 1037; *Milwaukee Corrugating Co. v. Krueger*, 184 Wis. 139, 198 N. W. 394. In the last case the rule as theretofore adopted in this state was again approved after careful consideration and review of the conflicting authorities. In view of the rule thus established in this state, there is no basis for now holding that, under the terms stated in the correspondence, there existed between the plaintiff and defendant a contract of employment for a definite term, in the absence of other facts or circumstances establishing such an agreement. As the complaint fails to disclose the existence of such other facts or circumstances, the demurrer thereto was rightly sustained.

*By the Court.*—Order affirmed.