SAYLOR, Respondent, vs. MARSHALL & ILSLEY BANK, Appellant.

*March 11—April 7, 1937.*

512

514

For the appellant there was a brief by *Upham, Black, Russell & Richardson,* attorneys, and *Fraley N. Weidner*

of counsel, all of Milwaukee, and oral argument by *Mr. Weidner*.

For the respondent there was a brief by *Murray & Higgins* and *Kersten & McKinnon*, attorneys, and *Milton T. Murray* and *Arlo McKinnon* of counsel, all of Milwaukee, and oral argument by *Mr. McKinnon*.

ROSENBERRY, C. J.   The burden was upon the plaintiff to establish by a preponderance of the evidence the terms of his alleged contract.   Disregarding the variance between the complaint and the proof, plaintiff was required to show that at the time he entered upon the employment he had a contract for the term of one year from November 1, 1930.   The plaintiff does not claim that the term of the employment was ever specifically mentioned between him and Mr. Daggett or any other representative of the defendant bank.   Plaintiff freely admits that the rule in Wisconsin is that a hiring at some specified amount per month or year in the absence of other facts is an indefinite hiring which may be terminated at the will of either party.   *Koskey v. Harnischfeger Corp.* (1936) 221 Wis. 267, 265 N. W. 583; *Brooks v. National Equipment Corp.* (1932) 209 Wis. 198, 244 N. W. 598; *Milwaukee Corrugating Co. v. Krueger* (1924), 184 Wis. 139, 198 N. W. 394.

The plaintiff, however, claims that there were additional circumstances from which it may fairly be inferred that the defendant manifested to the plaintiff that the hiring should be for the period of one year.   These relevant circumstances upon which the plaintiff relies are as follows: (1) The employment was substantial; (2) the plaintiff made important changes in his living conditions by moving to Milwaukee; (3) plaintiff gave up a good position to accept employment with the defendant; (4) an annual bonus was held out to plaintiff as an inducement to accepting the employment;

(5) yearly leases and annual living costs were discussed by the parties; (6) that it was understood that the employment should be permanent. It is claimed that these facts in connection with the fact that the salary was on an annual basis support the court's findings with respect to the making of the contract.

Plaintiff relies very strongly upon the Restatement, Agency, p. 1030, § 442, comment *b*. After commenting upon the rule that the mere specification of a salary proportionate to certain units of time does not of itself indicate that the employment is to continue for a stated unit of time the Restatement continues:

". . . Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated . . . if, as the principal has notice, the employee has made an important change in his general relations in order to accept the position, such as the removal of himself and his things to a new place; or if he has given up a position of some value in order to enter the employment. In the absence of other facts, a custom in the business of which the parties should know, or a usage by the principal as to periods of employment of which the agent should know, is controlling."

The comment states the rule more strongly than is warranted by the decisions of this court. In *Brooks v. National Equipment Corp., supra,* the defendant offered the plaintiff a position of general sales manager at a salary of $15,000 a year to begin with. After some negotiations, the defendant again inquired whether plaintiff would take the position at $15,000 per year. The plaintiff accepted, and moved his family from New York to Milwaukee. The court held upon demurrer the complaint stated no cause of action.

In this case the plaintiff was dissatisfied with Chicago as a place to live, and was looking for other employment. It was because of that, that his name was suggested to the defend-

ant bank and that Mr. Brice of the Continental Illinois Company brought about the meeting between the plaintiff and Mr. Daggett. We do not consider in this case that upon the evidence, which is practically undisputed, the finding of the trial court is so conclusive as it is in cases where there is a clear conflict of evidence. *Weigell v. Gregg* (1915), 161 Wis. 413, 154 N. W. 645. A good deal is made of the fact that the bonus arrangement was based upon a yearly salary. However, the plaintiff received his bonus on the basis of his earnings from November 1, 1930, to January 1, 1931, and they were thereafter paid to him on the basis of his earnings for the calendar year whatever they might be. He was not required to work a full calendar year in order to receive the bonus. It is not considered that there is anything significant in the bonus arrangement. The annual salary was adopted as a basis for calculating the bonus just as it was for the purpose of calculating the amount of the biweekly payments. Plaintiff did not inform Mr. Daggett that he had made a lease for a year until after the contract was made and he had moved to Milwaukee. If there was a contract of employment for a specified period it was complete before the plaintiff left Chicago. What was done and said thereafter was done and said without any intention on the part of either the plaintiff or Mr. Daggett to modify the contract already made or to make a new one. We have carefully examined the evidence, and are unable to find that up to the time the plaintiff entered upon his employment there was ever a single word said about the term of employment. If, as plaintiff now claims, he would not have considered a position on a month to month basis, it seems strange that he did not mention that fact to Mr. Daggett during the course of the negotiations which extended over some two or three months. The most plausible explanation for his failure to include the term of employment in the negotiations is that he was fearful he

would not be employed at all if he insisted upon a contract for a year. Mr. Daggett, on the other hand, claims that he advised plaintiff that all the employees of the bank except the salaried corporate officers were on a month to month basis. Nowhere in his testimony does the plaintiff state that the term of employment was ever mentioned between the parties, but he seeks to establish the term of employment by proof of the fact that he desired permanent employment; that he made a lease for a year, left his job in Chicago, and moved his family to the city of Milwaukee. All this might very well be done and yet be wholly consistent with the assurances given him by Mr. Daggett that the defendant was a reputable concern, had a large business which it was extending, looking for a substantial person, and that employees as a rule remained with the defendant for a long time. We are unable to see how the conclusion can be deduced from these facts that the employment was for any specified time. It is quite apparent that the trial court gave undue weight to the fact that compensation was fixed on a yearly basis. Under the decisions of this court that fact is not proof that the hiring was for a specified time. If the plaintiff had testified that there was an agreement that the hiring should be for a year, the collateral facts referred to might tend to corroborate his testimony.

The court having found in favor of the plaintiff, we have left out of consideration evidence which hints, if it does not clearly indicate, that plaintiff knew that all employees of the defendant were in its service on a monthly basis. Within the rule laid down in the cases cited plaintiff did not prove his case.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.