BROWN, Appellant, vs. ONEIDA KNITTING MILLS, INC., Respondent.

*January 10—February 15, 1938.*

For the appellant there was a brief by *Alk, Kresky & Cohen* of Green Bay, and oral argument by *Isadore Alk.*

For the respondent there was a brief by *Smith & Smith* of De Pere and *Robert A. Kaftan* of Green Bay, and oral argument by *Mr. Kaftan* and *Mr. Herbert J. Smith.*

MARTIN, J.   There is little, if any, dispute between the parties as to the main facts in this case.   The appellant testified that his services were to commence in the future. According to his testimony the contract was finally consummated on Friday, November 16, 1934.   Appellant was then employed by the Cooper Company, at Kenosha, Wisconsin.

It was agreed that he was to sever his connection agreeable to his then employer and then report to respondent company for work. Appellant's family lived in the city of De Pere, where appellant spent his week ends while employed at Kenosha. The respondent's manufacturing plant is located in the city of De Pere. It appears that appellant went to De Pere on Saturday, November 17th, and reported to respondent for work on the following Wednesday, November 21st.

The contract being oral, it clearly falls within the condemnation of sec. 241.02 (1), Stats., which declares every agreement that by its terms is not to be performed within one year from the making thereof void, unless some note or memorandum thereof expressing consideration be in writing and subscribed by the parties to be charged therewith. *Estate of Hippe,* 200 Wis. 373, 376, 228 N. W. 522, and cases cited. The appellant contends that the agreement for hire between the plaintiff and defendant by its terms could have been performed within a year. In his brief appellant states:

"Had the contract definitely, by its terms, postponed the commencement of performance to a future day, it would have been invalid; but where the performance conceivably could have commenced on the same day, it is valid."

It is obvious that the parties having consummated the contract in a long-distance telephone conversation, the appellant being then employed in Kenosha, neither party then knowing when the appellant could be relieved of his duties under the terms of his employment by the Cooper Company, the contract in question did by its terms postpone the commencement of performance to a future date. It was clearly so understood.

Appellant's next contention is that if he could not have commenced performance of his contract on the day it was entered into he could have done so on the following day, and

therefore the contract is not within the statute of frauds, because sec. 370.01 (24) provides:

"(24) *Time, how computed.* The time within which an act is to be done as provided in any statute, when expressed in days, shall be computed by excluding the first day and including the last, except that if the last day be Sunday or a legal holiday the act may be done on the next secular day; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded."

This statute has no application. The statute of frauds, sec. 241.02 (1), declares void "every agreement that by its terms is not to be performed within one year from the making thereof," unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the parties charged therewith. Making a contract is an event.

"The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, *and where the computation is from a certain event the date of that event must be included."* Siebert v. Jacob Dudenhoefer Co. 178 Wis. 191, 194, 188 N. W. 610; *De Forest Lumber Co. v. Potter,* 213 Wis. 288, 251 N. W. 442; *North Shore M. Co. v. Frank W. Blodgett, Inc.,* 213 Wis. 70, 250 N. W. 841.

Any excess of the year period from the making of the contract will render the agreement void. *Chase v. Hinkley,* 126 Wis. 75, 77, 105 N. W. 230. Upon the admitted facts, the contract of November 16, 1934, was void.

While it is alleged that at the expiration of one year from the date of the original contract, same was renewed by agreement of the parties and plaintiff continued to render services upon the same terms, no claim is made that the parties made any agreement for any definite period. In this connection we quote from appellant's brief:

"We submit that on November 21, 1935, the contract between plaintiff and defendant was renewed for one year

*when the parties continued without a new arrangement being entered into.*"

The appellant's contention is that having worked for one year and having continued into the second year without a new agreement, the law implies a renewal for the whole of the second year. This contention would be good if the employment was pursuant to a valid contract for a definite period of one year. See *Kellogg v. Citizens Ins. Co. of Pittsburgh,* 94 Wis. 554, 557, 69 N. W. 362; *Dickinson v. Norwegian Plow Co.* 101 Wis. 157, 160, 76 N. W. 1108; *Appleton Waterworks Co. v. Appleton,* 132 Wis. 563, 571, 113 N. W. 44. However, in the instant case, the alleged original contract was absolutely void,— no good at all. The assumed hiring would necessarily be for an indefinite period and could be terminated at any time at the will of either party. *Brooks v. National Equipment Corp.* 209 Wis. 198, 200, 244 N. W. 598, and cases cited; *Koskey v. Harnischfeger Corp.* 221 Wis. 267, 274, 265 N. W. 583; *Saylor v. Marshall & Ilsley Bank,* 224 Wis. 511, 515, 272 N. W. 369.

Appellant contends that the statute of frauds has no application because the contract has been completely executed. True, it has been executed by both parties up to March 15, 1936. Plaintiff has been paid in full at the rate of $250 per month to that date. The jury found that plaintiff's services were terminated on April 2, 1936. Plaintiff seeks to recover in this action up to November 21, 1936, at the rate of $250 per month. Even if we accepted the appellant's contention, he could not recover his salary for the period from April 2 to November 21, 1936, because, and regardless of the jury finding that the hiring was for a year, upon the plaintiff's testimony we would be obliged to hold, as a matter of law, under the rule laid down in the cases cited above, there was only an indefinite hiring which might be terminated at the will of either party. The plaintiff testified as to the conversation which he had at De Pere with Mr. French, the presi-

dent of the defendant company, some several days prior to November 16, 1934, as follows:

"I told him I would be very much interested in coming to De Pere owing to the fact I was living in De Pere. I had not yet moved to Kenosha. Mr. French said he had been talking with Parker who was the superintendent, and already hired for the new company, and that they felt they would like very much to have me join the new force, but that he thought I was too much of a luxury, that he couldn't afford to pay the salary I had been receiving at Oneida in the past. I told him I would be willing to work for less, and wanted to know what they would be interested in paying. He said he would like to have a suggestion from me as to what I would expect, and I told him $3,600 a year. Mr. French said he knew positively that he couldn't get his associates to agree to that figure, but he would like to make a suggestion that I start for $2,400, plus one per cent of all sales over $50,000 made by me.

"*Q.* Did he make any suggestion as to how long that arrangement would continue? *A.* I made the suggestion that I would work for $3,000 a year for the first year.

"*Q.* And was anything said with reference to any increase in wages? *A.* Well, Mr. French said that if we would try out the plan for a year, if the business went on the way he felt it would, that I would get more money for the next year."

Following this conference, plaintiff returned to Kenosha, it being understood that Mr. French would discuss the matter further with his associates and would thereafter communicate further with plaintiff, which he did in a telephone conversation had on November 16, 1934, concerning which plaintiff testified as follows:

"*Q.* And did Mr. French get in touch with you at Kenosha? *A.* Mr. French called me at Kenosha.

"*Q.* What did he tell you? *A.* He told me his associates had agreed to $3,000 a year.

"*Q.* Did you have any discussion with Mr. French at that time as to when you were to start work? *A.* He told me to come when it was convenient for Coopers to let me go."

". . . In this state it has been the established rule that a hiring at some specified amount per month or year is, in the absence of other facts, an indefinite hiring only, which may be terminated at the will of either party." *Brooks v. National Equipment Corp., supra; Koskey v. Harnischfeger Corp., supra; Saylor v. Marshall & Ilsley Bank, supra.*

All the facts and circumstances clearly indicate an indefinite hiring.

As to respondent's motion for review,— the trial court permitted plaintiff to recover on the basis of his monthly salary of $250 a month, for the period from March 15 to April 2, 1936. Defendant contended that plaintiff's employment had been terminated on March 14th, and that between March 14th and April 2d, the plaintiff was employed on a commission basis. The plaintiff admits that during this period he called on certain customers, made some sales, on which defendant paid him a commission. He claims, however, that the commissions received were in payment of his traveling expense, and that it was understood he was to be paid his regular salary. The jury found against the defendant on this issue; also found that plaintiff's employment was terminated on April 2d. In view of the jury finding we must accept April 2d as the date on which plaintiff's employment was terminated by the defendant. During the whole course of plaintiff's employment there was never any dispute as to the amount of salary he was to receive. The evidence would well warrant the jury in finding that the parties had made a new agreement on March 14th as claimed by defendant. It is admitted that plaintiff was not paid on his regular salary basis during the period for which the trial court permitted him to recover. The judgment will be affirmed, the respondent to have costs on this appeal.

*By the Court.*—Judgment affirmed, respondent to recover its costs on this appeal.