Milton P. HANSON, Plaintiff-Appellant,

v.

CHICAGO, BURLINGTON AND QUINCY
RAILROAD COMPANY et al.,
Defendants-Appellees.

No. 12970.

United States Court of Appeals
Seventh Circuit.

Sept. 27, 1960.

Alex B. Cameron, Dale George Waterman, La Crosse, Wis., for appellant.

Ralph M. Hoyt, Milwaukee, Wis., John S. Coleman, La Crosse, Wis., T. G. Schuster, Chicago, Ill., S. R. Stroud, Madison, Wis., C. W. Krohl, Andrew C. Scott, Chicago, Ill., for appellee, Chicago, B. & Q. R. Co.; Eldon Martin, Chicago, Ill., of counsel.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff brought action in the District Court against The Chicago, Burlington

and Quincy Railroad Company; The Grand Lodge of the Brotherhood of Locomotive Firemen and Enginemen; Guard Rail Lodge No. 168 of the Locomotive Firemen and Enginemen, La Crosse, Wisconsin; M. L. Schlegel, La Crosse, Wisconsin; Mr. R. B. Franke, La Crosse, Wisconsin; and V. E. Secrest (General Chairman of the Brotherhood of Locomotive Firemen and Enginemen, Chicago, Illinois); to compel the Chicago, Burlington and Quincy Railroad Company to reinstate him to active service on its working list; to restrain The Grand Lodge of the Brotherhood of Locomotive Firemen and Enginemen and Guard Rail Lodge No. 168 of the Locomotive Firemen and Enginemen, and the officers, agents and employees of each, from interfering with Plaintiff's contract of employment with the Railroad. He also prayed judgment in the amount of $57,-600 as damages and $30,200 as punitive damages.

Plaintiff alleged that he had been employed by the Railroad from December, 1942, until October, 1953, when the Railroad had refused to fulfill its duties under his contract of employment. In his brief, Plaintiff explains that the Railroad removed him from service pursuant to an award of the First Division of the National Railroad Adjustment Board. In his Complaint he asserted that he had reaffirmed his membership in the Brotherhood by paying union dues and delivering an application for membership, but that he had not been notified of acceptance or rejection; that nevertheless the Brotherhood had failed to represent him and had interfered with his employment with the Railroad.

The Railroad moved to dismiss this pleading on the ground that it failed to state a claim on which relief could be granted. The other defendants (except V. E. Secrest who had not been served) filed a joint answer in which they asserted that the Complaint failed to state a claim against them on which relief could be granted and failed to show that the Court had jurisdiction of the subject matter.

The District Court dismissed the Complaint on the ground that it failed to state a claim, that it alleged no grounds upon which the District Court had jurisdiction of the subject matter, and that there was no diversity of citizenship in that Plaintiff and three of the Defendants appeared on the face of the pleading to be residents of Wisconsin.

Plaintiff then moved to amend that order by vacating it as to the Railroad and the Brotherhood and by allowing Plaintiff to file an amended Complaint against the Railroad and the Brotherhood. The amended Complaint, which Plaintiff sought to file, alleged diversity of citizenship only between Plaintiff and the Railroad. The prayer for relief was similar to that in the original Complaint.

The District Court denied the motion. It is from that denial that Plaintiff appeals.

 Although Plaintiff refers to a contract, the sole indication of its terms consists of his Exhibit A, a Memorandum of Agreement between the Railroad and the Brotherhood, attached to the proposed amended Complaint. This Agreement provides that during the first 45 days of active service, an employee will be considered "temporary" and that status as a "permanent" employee begins only after 45 days of temporary service. Plaintiff alleges no consideration for his employment as a fireman other than the stipulated wage for his services as rendered. In such circumstances, where there is nothing to fix the duration of a contract, a contract for "permanent" employment is in effect a contract of general employment terminable at will. Meadows v. Radio Industries, 7 Cir., 1955, 222 F.2d 347, 349. Plaintiff alleged no facts to show any limitation on the right of the Railroad to discharge him at will. There are no allegations of fact to show which state's laws are applicable. We, therefore, assume that the laws of Wisconsin, where the suit was filed are applicable. Grant v. Atlas Powder Co., 6 Cir., 1957, 241 F.2d 715. In Wisconsin, an employment relation, in the absence of contractual limitation, continues at the will of

either party. Saylor v. Marshall & Ilsley Bank, 1937, 224 Wis. 511, 515, 272 N.W. 369; Brown v. Oneida Knitting Mills, 1938, 226 Wis. 662, 669, 277 N.W. 653.

Plaintiff's proposed amended Complaint describes him as having been a train fireman and his employer, the Railroad, as an interstate common carrier by rail. Plaintiff seeks reinstatement to his former employment with the Railroad. A reinstatement plea such as this is exclusively within the jurisdiction of the National Railroad Adjustment Board, 45 U.S.C.A. § 153. Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 244, 70 S.Ct. 577, 94 L.Ed. 795; Walters v. Chicago & North Western Ry. Co., 7 Cir., 1954, 216 F.2d 332, 335. In oral argument, Plaintiff's counsel asserted that resort to the Board would not be practical, but no facts were alleged to support that conclusion.

With reference to the Brotherhood, Plaintiff alleges interference with his contract of employment. Judging from the statements in his brief and oral argument, Plaintiff appears to rely on diversity of citizenship to give the District Court jurisdiction of this cause. The proposed amended Complaint describes the Brotherhood as a labor organization with its principal office, residence, domicile and citizenship in the State of Ohio. The Brotherhood is an unincorporated association which cannot be sued in the District Court on the basis of diversity of citizenship if any of its members are citizens of the same state as Plaintiff. Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 1951, 189 F.2d 319, 320. In his original Complaint, Plaintiff alleged that he himself and defendants M. L. Schlegel and R. B. Franke, officers (and therefore members) of the Brotherhood were all residents of Wisconsin. Plaintiff concedes that for diversity purposes unincorporated voluntary associations are deemed to be citizens of every state in which they have members. He argues, however, that the Brotherhood is not a voluntary association because the 1951 amendment to the Railway Labor Act (45

U.S.C.A. § 152, Eleventh) allows a railroad and a union to contract to exclude from employment by the railroad anyone who is not a member of the union. We cannot agree that the Brotherhood has thus been rendered an "involuntary" association. In any event, the supposed citizenship of a corporation in the state of its incorporation does not extend to unincorporated associations. Ex parte Edelstein, 2 Cir., 1929, 30 F.2d 636, 637.

The District Court properly denied leave to file an amended Complaint which failed to remedy the deficiencies of the original Complaint. The judgment of the District Court is affirmed.