ESTFRED CORPORATION, Appellant, v. FREEMAN and others, Respondents.

*September 5—October 3, 1967.*

---

20

24

For the appellant there was a brief by *Camp & Camp* of Wauwatosa, and oral argument by *Mark M. Camp*.

For the respondents there was a brief by *Brown, Black & Riegelman* of Racine, and oral argument by *Harley Brown*.

BEILFUSS, J.   The determinative issue is whether Freeman was the agent for Estfred at the time he acquired title to Lot 14 and when he sold the entire parcel to Jewel Tea.

Estfred contends that the material facts upon which this issue must be resolved are not in dispute and that in this court's review of the record the trial court's findings of fact are not conclusive but can be reviewed as a conclusion of law.[2]

A careful review of the entire record convinces us that many material facts are in dispute and that our standard of review must be conducted as set forth in *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212:

"Since the trial court tried the case without a jury, its findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence and it is not necessary the evidence in support of the findings constitutes the great weight or clear preponderance of the evidence.  Nor is it sufficient that there is evidence to support a contrary finding.  To command

[2] *Weigell v. Gregg* (1915), 161 Wis. 413, 154 N. W. 645; *Saylor v. Marshall & Ilsley Bank* (1937), 224 Wis. 511, 272 N. W. 369; *Will of Mechler* (1944), 246 Wis. 45, 16 N. W. 2d 373; and *General Automotive Mfg. Co. v. Singer* (1963), 19 Wis. 2d 528, 120 N. W. 2d 659.

a reversal, such evidence although sufficient to support a verdict must constitute the great weight and the clear preponderance of the evidence. *Druml Co. v. Capitol Machinery Sales & Service Co.* (1965), 29 Wis. (2d) 95, 138 N. W. (2d) 144; *Columbia Stamping & Mfg. Co. v. Reich* (1965), 28 Wis. (2d) 297, 137 N. W. (2d) 45; *Estate of Perssion* (1963), 20 Wis. (2d) 537, 123 N. W. (2d) 465; *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701."

From our review of the record, we conclude without hesitation that the trial court's findings are not contrary to the great weight and clear preponderance of the evidence.

There is no dispute that until the defect in the Mattioli deed was discovered Freeman was solely the agent of Mrs. Mattioli and the Tenutas. Crescent Realty was plaintiff's agent and was paid by Estfred for its services.

After failure to complete the sale of Lot 14 due to the defective title, Freeman obtained several extensions of the closing date. Estfred points to these efforts as indication of an agency relation between plaintiff and defendant. Estfred's argument, apparently, is that Freeman's duties to Mrs. Mattioli were fulfilled when he found plaintiff as purchaser of Lot 14, and that defendant's further efforts toward completion were acts on behalf of plaintiff.

In support of this contention plaintiff cites the case of *Wauwatosa Realty Co. v. Paar* (1956), 274 Wis. 7, 79 N. W. 2d 125. That case merely holds that a broker is entitled to his commission when he has procured a purchaser, negotiations are complete, and there has been a meeting of the minds of the principal and the customer. Unless the contract provides otherwise, the broker's compensation is not dependent on final consummation of the transaction. The case in no way holds that the agency relationship between the broker and his principal is necessarily complete when a purchaser is found. There

is nothing in that opinion requiring the conclusion that a broker cannot carry the transaction through to completion in an agency capacity and certainly that opinion does not support a conclusion that acts toward the consummation of the transaction performed by a broker after he has secured a purchaser for his principal are, as a matter of course, acts on behalf of the purchaser as a new principal.

Estfred further contends that defendant's undertaking to sell plaintiff's interest in Tenuta Dells establishes an agency relationship. The evidence clearly supports the trial court's finding that the reason Freeman undertook to find a buyer for Estfred was to assist Estfred in completing the purchase of Lot 14 in pursuance of Freeman's obligation to Mrs. Mattioli. Zivnuska testified that he had orally agreed to pay Freeman a 10 percent commission if he found a buyer. At the trial Freeman denied there was such an agreement.[3] Freeman's letter of February 3, 1958, written to Zivnuska advising him a buyer had been found, stated in part:

"It is understood that we are making no charge for any selling commission to you as we obtained our commission from the original seller to effect your purchase."

In view of this letter, the trial court was justified in rejecting Zivnuska's testimony of the commission arrangement.

Estfred also argues an agency relationship may be established regardless of compensation. Under certain circumstances one volunteering services may be a servant of one accepting such services even though there is no agreement for or expectation of compensation. *Heims v. Hanke* (1958), 5 Wis. 2d 465, 93 N. W. 2d 455. However, it is difficult to see how a broker assumes a gratu-

---

[3] At a pretrial adverse examination Freeman testified the commission was 10 percent but at the trial, after going over his records, denied he had an agreement with Zivnuska.

itous fiduciary relationship on behalf of a buyer simply because his acts as agent for the seller also benefit the buyer.

The existence of the commission arrangement between Freeman and Mrs. Mattioli (and the Tenutas) is evidence that Freeman was acting on her behalf and not plaintiff's.

Further evidence of the nonexistence of an agency relation is present in the record. Mr. Freeman testified that during the last extension period he informed Zivnuska he would buy the lot himself if plaintiff did not. Zivnuska testified that he could not recall this, but he did recall some mention of Freeman finding another buyer for Lot 14. Assuming Zivnuska's version is accurate, it should have clearly indicated to him that Freeman considered himself Mrs. Mattioli's agent. Someone else purchasing Lot 14 could be no less inconsistent with Estfred's interests than Freeman buying the property himself. Zivnuska's failure to register an objection, or confirm his willingness to complete purchase at this point indicated it was doubtful that plaintiff would ever complete the transaction in view of the fact that plaintiff had failed to meet closing date after closing date. The transaction had been in suspension for several months with Estfred giving little or no indication it was ready or able, at any time after July of 1957, to complete the purchase. In fact, all indications were to the contrary.

The trial court's findings of fact leading to the conclusion of law that Freeman was not an agent of Estfred is clearly supported by the evidence in the record.

*By the Court.*—Judgment affirmed.