FORRER, Appellant, v. SEARS, ROEBUCK & COMPANY, Respondent.

*October 2—October 31, 1967.*

For the appellant there was a brief and oral argument by *A. E. Simonson* of Madison.

For the respondent there was a brief by *John D. Winner* and *Jasper, Winner, Perina & Rouse,* all of Madison, and oral argument by *John D. Winner.*

HEFFERNAN, J.    In *Hoffman v. Red Owl Stores, Inc.* (1965), 26 Wis. 2d 683, 696, 133 N. W. 2d 267, this court adopted the doctrine embodied in sec. 90 of Restatement, 1 *Contracts,* p. 110, which states:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

We stated in *Hoffman* that we chose to use the phrase, "promissory estoppel" to describe this doctrine. It is promissory estoppel upon which the plaintiff, William E. Forrer, bases his action.

In *Hoffman* we stated that three questions must be answered affirmatively to support an action for promissory estoppel:

"(1) Was the promise one which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee?

"(2) Did the promise induce such action or forbearance?

"(3) Can injustice be avoided only by enforcement of the promise?" *Hoffman v. Red Owl Stores, Inc., supra,* page 698.

That all of these questions can be answered affirmatively is evident from the face of the complaint. Plaintiff alleged that he was promised full-time permanent employment in consideration of giving up his farming operations. He also alleges that he thereupon gave up his farming operations at great financial loss. It is apparent that the plaintiff alleges that his action was not only induced by the defendant's promise, but was the conduct that was specifically required as the condition of the defendant's promise. In light of all the circumstances, the sale of the livestock, the leasing of the barn, and putting the farm into the feed-grain program were all acts which the promisor should reasonably have expected that his promise would induce. We would not hesitate to apply the doctrine of promissory estoppel under these facts if justice required it. Justice, however, does not require the invocation of the doctrine, for the promise of the defendant was kept, and this court is not required, therefore, to enforce it.

The defendant's promise was that of "permanent employment." We conclude that the employment relationship that was established as the result of the defendant's inducements and the plaintiff's conduct is properly denominated as permanent employment. The plaintiff, in his brief, gives us the accepted and usual definition of what is meant by that term:

". . . the assumption will be that, even though the parties speak in terms of permanent employment, the parties have in mind merely the ordinary business contract for a continuing employment, terminable at the will of either party." 56 C. J. S., *Master and Servant*, p. 78, sec. 8.

We concur with plaintiff's conclusion in that respect.

Generally speaking, a contract for permanent employment, for life employment, or for other terms purporting permanent employment, where the employee furnishes no consideration additional to the services incident to the employment, amounts to an indefinite general hiring terminable at the will of either party, and a discharge without cause does not constitute a breach of such contract justifying recovery of damages. Annots. (1924), 35 A. L. R. 1432, (1941), 135 A. L. R. 646. The same is true where the contract of hiring specifies no term of duration but fixes compensation at a certain amount per day, week, or month. Annots. (1917), 11 A. L. R. 469, (1934), 100 A. L. R. 834. Although not absolute, the above stated rule appears to be in the nature of a strong presumption in favor of a contract terminable at will unless the terms of the contract or other circumstances clearly manifest the parties' intent to bind each other. The presumption is grounded on a policy that it would otherwise be unreasonable for a man to bind himself permanently to a position, thus eliminating the possibility of later improving that position. Moreover, a contract of permanent employment is by its very nature indefinite, and thus any effort to interpret the duration of the contract and assess the amount of damages becomes difficult. Wisconsin has aligned itself with the overwhelming majority of jurisdictions that have adopted the above stated principles. *Kovachik v. American Automobile Asso.* (1958), 5 Wis. 2d 188, 92 N. W. 2d 254; *Brown v. Oneida Knitting Mills* (1938), 226 Wis. 662, 277 N. W. 653; *Saylor v. Marshall & Ilsley Bank* (1937), 224 Wis. 511, 272 N. W. 369; *Koskey v. Harnischfeger Corp.* (1936), 221 Wis. 267,

265 N. W. 583; *Brooks v. National Equipment Corp.* (1932), 209 Wis. 198, 244 N. W. 598; *Milwaukee Corrugating Co. v. Krueger* (1924), 184 Wis. 139, 198 N. W. 394.

We thus conclude that the most that was promised by Sears was employment terminable at will. This promise was carried out when the plaintiff was hired as the defendant's full-time manager. The defendant's obligation was discharged when its promise was kept, and, hence, the doctrine of promissory estoppel is not applicable.

The plaintiff in his oral argument stated that he chose to rely on promissory estoppel only, and specifically stated that he abandoned any claim based upon contract law. Nevertheless, it should be stated that conceivably the plaintiff could state a cause of action if it were affirmatively shown that he furnished "additional consideration" in exchange for the defendant's promise of permanent employment.

Under circumstances where an employee has given consideration of benefit to the employer, additional to the services of employment, a contract for permanent employment is valid and enforceable and not against public policy and continues to operate as long as the employer remains in business and has work for the employee, and the employee is willing and able to do his work satisfactorily and does not give cause for his discharge. *See* Annot. (1941), 135 A. L. R. 646, 654. We do not deem that the detriment to the plaintiff herein in giving up his farming operations at a loss constituted such additional consideration. We conclude that a permanent employment contract is terminable at will unless there is additional consideration in the form of an economic or financial benefit to the employer. A mere detriment to the employee is not enough. *See* Annot. (1941), 135 A. L. R. 646, 660, in regard to release of a claim against an employer being held additional consideration. In *Wright v. C. S. Graves Land Co.* (1898), 100 Wis. 269, 75 N. W. 1000, an employment contract was held not to be terminable at will when the employee had obligated himself to,

and did, purchase land and furnish a horse for clearing of fields. The court pointed out that the plaintiff had bound himself for at least two years and, hence, the contract was not terminable at the will of the employer. In so doing, the court gave recognition to those acts of the plaintiff that resulted in a benefit to the employer, and not to those acts that were merely of a detriment to the employee.

We conclude, therefore, that the facts as set forth in the plaintiff's complaint fail to spell out a cause of action for the breach of a contract for permanent employment supported by additional consideration of benefit to the defendant-employer. The only benefit to the defendant was the plaintiff's rendering of services. There was nothing more.

We are therefore obliged to conclude that the permanent employment alleged was a relationship that could be terminated at will by either party. Hence, once the relationship was established, the promise, which plaintiff seeks to enforce by promissory estoppel, was fulfilled. This court need not enforce the promise. It has been carried out. Promissory estoppel is not applicable to this case. Nor is there evidence of additional consideration that would bind the employer to a period not terminable at his will. The demurrer must be sustained.

*By the Court.*—Order affirmed.