LINDA REIVITZ, Secretary Department of Health and SocialServices
You have requested my opinion as to (1) whether certain probationer clients are state agents or employes entitled to an indemnity for judgments rendered against them, and (2) whether they are county employes for purposes of worker's compensation.
My answer is no to the first question and yes to the second question.
You describe the nature of the probationers' work and relationship with the state and the county as follows:
 DHSS' Bureau of Community Corrections has developed a project through which some of its clients on probation for welfare fraud will provide child care for the children of other similar clients, thereby freeing the latter clients to seek job training or employment. Each client involved in the program will be obligated to pay restitution as a condition of probation. Those providing the child care will earn credit against their restitution obligations, though no money will actually change hands. It is expected that those provided the child care will be enabled to earn wages to pay restitution.
 The provider-clients will be trained and certified as child care workers by a recognized child care organization, through a purchase of services by DHSS. The provider-clients will be supervised by their probation agents, who will keep an accounting of the provider-client's time and make both scheduled and unscheduled home visits. DHSS will retain the right to terminate any provider-client from the program, regardless of the wishes of any client to whom the provider-client provides child care.
 The program will be entirely state-run. County involvement will be limited to receiving restitution payments. Circuit courts, which are state offices, will be involved to the extent they will order the provider-clients to perform the day care services as *Page 44 
uncompensated community service work, which may be ordered as a condition of probation under s. 973.09 (7m), Stats.
The state indemnifies its agents and employes for any judgments rendered against them for conduct "within the scope of their agency." Sec. 895.46 (1)(a), Stats. The term "scope of agency" is used in the respondeat superior context; it includes acts so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods of carrying out the objectives of the employment.Cameron v. Milwaukee, 102 Wis.2d 448, 457, 307 N.W.2d 164
(1981).
Admittedly, these probationers resemble agents, as that is understood in the respondeat superior context. An agent is one who acts on behalf of and is subject to the control of the principal. Paulson v. Madison Newspapers, 274 Wis. 355, 361,80 N.W.2d 421 (1957). Compensation is not an invariable element of agency, Estfred Corp. v. Freeman, 36 Wis.2d 19, 27,153 N.W.2d 13 (1967), although it ordinarily is a component. Galvan v.Peters, 22 Wis.2d 598, 608, 126 N.W.2d 590 (1964). An independent contractor, however, is not an agent within therespondeat superior context. See Paulson. Whether a person is an agent or independent contractor pivots around such facts as the extent of control over the details of the work, whether the worker is engaged in a distinct occupation or business apart from that of the party desiring the services, the place of work, the time of employment, the method of payment, the right of summary discharge, the nature of the business, which party furnishes the tools and the intent of the parties. Pavalon v. Fishman,30 Wis.2d 228, 236, 140 N.W.2d 263 (1966). The single most important factor is the extent of control retained over the details of the work. Kablitz v. Hoeft, 25 Wis.2d 518, 529, 131 N.W.2d 346
(1964)
Applying these criteria to the situation you describe, arguably an element of compensation is present in that the restitutionary obligation is discharged by the service. The probationer is not generally in the business of providing child-care services, but becomes so at the behest of the department and as a condition of probation. Although the probationer's home is the place of work, the department retains control over the details of the work. The department determines the appropriate training and certification. It makes both scheduled and unscheduled home visits to monitor performance; it assumes responsibility for providing the tools,i.e., toys, lesson *Page 45 
plans, equipment, games and food; and it establishes the standards of care relating to health and cleanliness, frequency of feeding, number of children who can be cared for, safety precautions both inside and outside the home, manner of control and punishment, exercise, play, social activities and rest periods.
Despite these similarities, it is my opinion that the nature of the relationship is better described as that of the governed to the governor, or the regulated to the regulator. The sovereign simply has ordered a subject to discharge a duty, namely, to care for the children of others. As such, the probationers are not agents or employes.
Close regulation does not itself create an agency relationship. Such regulation does not convert private action into state action under the fourteenth amendment. Blum v. Yaretsky, 457 U.S. 991,1004 (1982). Agency under section 895.46 (1)(a) requires an even closer nexus to the state than does the state action doctrine.See Cameron v. Milwaukee, 102 Wis.2d 448, 457, 307 N.W.2d 164
(1981). It follows, I believe, that the probationers are not state agents within section 895.46 (1)(a) simply because the state has ordered them to undertake child-care services as a condition of probation.
Another consideration supports my conclusion that the probationers are not agents. These probationers and foster parents are alike. Both help execute state programs as surrogates for parents. Both are subject to state controls. But in the case of foster parents, the Legislature separately addressed liability issues. It authorized the department to purchase liability insurance. Sec. 48.627, Stats. See 1985 Wisconsin Acts 24 and 106. This legislation would have been unnecessary if foster parents were state agents under section 895.46 (1)(a). Because of the similarity between this program and that involving foster care, I conclude the Legislature has not yet authorized the extension of state liability protection to probationers under section 895.46 (1)(a) or elsewhere.
Turning to your second question of whether these individuals are county employes for worker's compensation purposes, at the time of your request section 102.07 (14) defined an "employe" for worker's compensation purposes as follows: "An adult performing uncompensated community service work under s. 971.38 is an employe of the county in which the court ordering the community *Page 46 
service work is located." The issue you posed arose because the probationers were required to perform this work, not under section 971.38, but as a condition of probation under section973.09 (7m). Subsequently, the Legislature resolved the issue by amending section 102.07 (14) to include probationers under section 973.09 (7m). 1985 Wisconsin Act 83, sec. 5. Accordingly, these probationers are county employes for purposes of worker's compensation.
BCL:CDH *Page 47