30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry SNARSKI, Plaintiff-Appellant,
v.
BRIDGESTONE/FIRESTONE, INC., Defendant-Appellee.
 No. 94-1061.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 15, 1994.
Decided June 28, 1994.
 
 Before ESCHBACH, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Bridgestone/Firestone hired Larry Snarski as a store manager. When applying for employment, Snarski signed this acknowledgment:
 
 
 2
 I understand that my employment, compensation, and benefits can be terminated at any time at the option of either the Company or me.
 
 
 3
 Firestone's employee handbook contained similar language.
 
 
 4
 In 1990 Firestone created a bonus program for managers of losing stores. Managers who reduced the amount of loss would be paid a percentage of the sum they saved Firestone. This program was to last four years, and Snarski accepted a post as manager of a losing store covered by the program. After less than one year at this store, he was released. Snarski believes that this broke a contract promising a minimum of four years' employment at the losing store.
 
 
 5
 Snarski began the litigation in state court, and Firestone removed the case to federal court on the ground that the parties are of diverse citizenship. The complaint alleged Snarski's "residence" rather than his "citizenship," and Firestone's petition for removal did not establish citizenship. See America's Best Inns, Inc. v. Best Inns of Abilene, LP., 980 F.2d 1072 (7th Cir.1992). But documents filed after the submission of this case, see 28 U.S.C. Sec. 1653, show that the parties were of diverse citizenship when the case was removed, and the district court accordingly had subject-matter jurisdiction.
 
 
 6
 The district court granted summary judgment for Firestone, ruling that the at-will language in the application and handbook prevents Snarski from contending that his employment covers a term of years. We agree with that conclusion. Nothing in the bonus program guarantees store managers four years to earn bonuses or even mentions a minimum tenure; instead the program set four as the maximum number of years for which Firestone would award a bonus for reducing the store's loss. Discharging a store manager for poor performance does not violate any public policy of Wisconsin. Compare Forrer v. Sears, Roebuck & Co., 153 N.W.2d 587, 589 (Wis.1967), with Brockmeyer v. Dun & Bradstreet, 335 N.W.2d 834 (Wis.1983). As an at-will employee Snarski is not entitled to litigate the question whether his performance was indeed poor (or, as he believes, superior).
 
 
 7
 AFFIRMED.