[No. 14949.  Department One.  January 6, 1919.]

# ROGER E. WILLIAMS, *Appellant*, v. SCHOOL DISTRICT No. 189, *Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS (49) — TEACHERS — CONTRACT — BREACH.  After the direct action of a school board in discharging a principal of schools had been reversed by the county superintendent, the board cannot designate a subordinate teacher as "superintendent" of schools and require the principal to work under him; and it is immaterial that Rem. Code, § 4524, provides for the election of a superintendent or principal to have charge of the schools, the position and not the name being material.

SAME (40) — CLAIMS — BREACH OF TEACHER'S CONTRACT — NECESSITY OF APPEAL.  Where an order discharging a principal of schools has been reversed on his appeal to the county superintendent, and the school board, by indirection, sought a reversal by offering a different employment compelling the principal to work under a "superintendent" who was formerly a teacher under him, the principal is under no obligation to take a second appeal whether the action of the board be considered another dismissal or an offer of new employment.

Appeal from a judgment of the superior court for King county, French, J., entered January 14, 1918, upon granting a nonsuit, dismissing an action on contract.  Reversed.

*Tom Alderson,* for appellant.

*Alfred H. Lundin* and *S. M. Brackett,* for respondent.

MITCHELL, J.—Appellant seeks to recover for an alleged breach of contract.  The trial court granted a motion for a nonsuit at the close of plaintiff's proof.

At the end of about five years of service as principal and teacher of schools in school district No. 173 of King county, the same being a school district of the second class, appellant, continuing his relations, entered into a written contract with the school district on March 10, 1915, by which he was further employed

[1]Reported in 177 Pac. 635.

for two years, commencing June 23, 1915, as principal and teacher of schools of the district, at $1,350 per year, payable monthly. The school district had two or more schoolhouses and employed six or seven other teachers, among them being one E. S. Hill, all of whom were under appellant as principal. After making the contract, school districts 173 and 166 were consolidated into school district No. 189, the respondent here, the consolidation becoming effective August 1, 1916. In the act of consolidation, the rights of appellant under his contract were preserved and recognized as binding on the respondent, which regularly paid appellant's salary according to the terms of the contract for the months of August and September, 1916.

By a written notice dated September 2, 1916, the school board notified appellant that, at a regular meeting held on September 1, 1916, the school board, for good and sufficient reasons, dismissed him as principal and teacher, to take effect September 2, 1916. Appellant appealed to the county superintendent of common schools, as provided by Rem. Code, § 4706, and the order of the board discharging him was by the superintendent reversed on September 25, 1916.

On September 28, 1916, the school board, by written notice, directed appellant to report for duty, according to his contract, on or before nine o'clock a. m., October 2, 1916, else his position would be declared vacant. Appellant complied with the notice and was met by two members of the school board and Hill, heretofore a teacher under appellant, and by them was informed that Hill had been elected by the board to a position designated as superintendent of the district schools and as such would have charge and supervision of affairs, and that appellant could proceed as a teacher under the directions of this new superintendent. Appellant declined to accept the new work and position

offered, which would reduce him to the rank of a teacher only and subordinate him to Hill, who until now had been under appellant.

The school year having already commenced, appellant was unable to get a position, and after the close of the school year as well as the end of the term mentioned in his contract, he has sued for damages to the extent of the balance of the last year's salary due him.

The granting of the nonsuit was error. After the direct action of the board in September discharging appellant as principal had been reversed by the county superintendent, it is evident the school board then attempted by indirection to set aside that reversal by means of an offer to appellant of a new and different employment which varied the terms of the first engagement. Indeed, the new offer by which appellant, who for years had been principal of the schools, should now be subordinated to the place of a teacher beneath one heretofore a teacher, now made principal, though designated superintendent, under the pretense that such course on the part of respondent was a fulfillment of its contract with appellant to act as principal, suggests not only a disposition, but an intention, to offend and degrade. Appellant was within his rights in declining the new offer. *Waldrip v. Hill,* 70 Wash. 187, 126 Pac. 409; *Jackson v. Independent School District of Steamboat Rock* (Iowa), 77 N. W. 860; *Birdsong v. Ellis,* 62 Miss. 418.

Respondent contends there is merit in its claim that Hill was chosen as superintendent of the district schools, while appellant, by the contract, was designated principal, because Rem. Code, § 4524, provides:

"In all districts of the second class the board of directors shall elect a *superintendent,* or *principal,*

who shall hold a valid teacher's certificate. The said superintendent, or principal, shall have supervision of the several departments of school, etc.''

This contention is but a quibble. Obviously, it is intended that only one person shall exercise supervision, and the name to be given that position, whether superintendent or principal, is immaterial. The position itself is the thing involved, and to which appellant was entitled under his contract.

Again, it is contended by respondent that, if appellant was aggrieved at the new offer of the board, he should have appealed therefrom to the county superintendent of schools. This contention is untenable, for, bearing in mind the board had just been reversed for discharging appellant, if the new offer by the board to appellant is to be considered as another dismissal of him by indirection, no new service or cause intervening, the law does not exact of appellant the idle process of another appeal; while, if the action of the board in October should be treated as an offer of new and different employment in satisfaction of an outstanding contract, we are not advised of any law or reason requiring appellant, by appeal or otherwise, to let another say if he shall make a contract.

Judgment reversed.

MAIN, C. J., MACKINTOSH, TOLMAN, and CHADWICK, JJ., concur.