[No. 33104. Department Two. July 28, 1955.]

*In the Matter of the Appeal of the* BOARD OF DIRECTORS OF KENNEWICK SCHOOL DISTRICT No. 17.

THE BOARD OF DIRECTORS OF KENNEWICK SCHOOL DISTRICT No. 17, *Respondent,* v. SAMUEL LAMANNA, *Appellant.*[1]

*Edward B. Critchlow,* for appellant.

*Fulk & Leeper,* for respondent.

*The Attorney General* and *Michael Alfieri, Assistant, amici curiae.*

[1]Reported in 287 P. (2d) 105.

ROSELLINI, J.—As in *In re Black, ante* p. 42, 287 P. (2d) 96, we are asked to review a judgment of the superior court of Thurston county on a writ of certiorari issued to the superintendent of public instruction, referred to herein as the state superintendent, to determine whether she erred in her disposition of an appeal from a decision of the superintendent of Benton county schools. In this case, the state superintendent upheld the decision of the county superintendent, who had found that the appellant, Samuel S. Lamanna, assistant superintendent of schools for Kennewick school district No. 17 of Benton county, had been dismissed without cause and was entitled to the balance of the remuneration due under his contract, less the amount that he had received from other employment after his suspension and before expiration of his contract. The superior court reversed the orders of both the state and the county superintendent and entered a judgment in favor of the board of directors of the school district, from which judgment the assistant superintendent has appealed.

For the reasons stated in *In re Black, supra,* the respondent's objections to the appellant's failure to file a statement of facts and to assign error to the findings of fact are without merit. The complete record of the administrative proceedings has been certified to this court by the clerk of the superior court and, as stated in that opinion, is properly before us for review.

Under the contract in question, the appellant was hired to serve as assistant superintendent of the Kennewick schools for a period of one year, commencing July 1, 1952. By resolution of the newly-elected board, he was suspended on March 30, 1953, the motion stating that,

". . . he was an inseparable part of the actions of Erwin S. Black [*In re Black, supra*] in his capacity as Superintendent of Schools, acting under his directions, exercising great control over the properties of this district and being charged with the duty of operating the schools of Kennewick on a business basis."

He was discharged on April 13, 1953, for the further reason that he failed to comply with a request to return and assist in the preparation of the budget.

The county superintendent held that the suspension was a breach of contract, and that the refusal to assist in the preparation of the budget did not justify the termination of his contract. At the hearing on appeal before the state superintendent, respondent's counsel stated that there were no errors in the county superintendent's findings of fact, and that the appeal was founded upon alleged errors in her conclusions of law.

That portion of the county superintendent's decision and order which can properly be termed "findings of fact" reads as follows:

"He (the appellant) cannot be held responsible for the superintendent's acts unless such acts involved malfeasance or misfeasance or other factors more serious than have been shown. The special audit of the district made by the State Auditor was mentioned frequently in the hearing, but nowhere did the defense show Mr. Lamanna to be responsible for anything derogatory which it brought out. General charges of inefficiency were alleged, most of which had to do with policy matters for which the superintendent was responsible. The plaintiff maintained, without refutation that his degree of competency was not materially different from that which had obtained when the contract was entered into. The order of suspension put the plaintiff in a position that would scarcely warrant his carrying on the job for which he was contracted."

The state superintendent approved and adopted these findings when she affirmed the county superintendent's order. They are amply supported by the evidence; and the state superintendent could only conclude, on the basis of them, that no cause for suspension or discharge had existed on March 30, 1953.

■ Respondent, in its argument in support of the judgment of the superior court, contends that the suspension of an employee is not a breach of contract, that the only obligation of the employer is to pay the agreed remuneration, and that the appellant committed the first breach when he refused to return to the assistant superintendent's office to help in the preparation of the budget. It is unnecessary to decide whether respondent is correct in its contention

that a suspension is not a breach. Under the reasoning which we adopted in *Williams v. School District No. 189,* 104 Wash. 659, 177 Pac. 635, it is a breach of contract to relegate an employee, during the term of his contract, to a position subordinate to that for which he was hired. Appellant was asked to assist the person who had been employed to replace him; this he was under no obligation to do, and his refusal to do so could not justify the termination of his contract.

It is unnecessary to consider whether the refusal was further justified by the fact that, under the suspension order, appellant was directed to refrain from entering on school property in his capacity as assistant superintendent, which order had not been rescinded at the time he was informally asked to return.

The judgment is reversed, and the cause is remanded to the superior court with direction to reinstate the order of the state superintendent.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

---

September 22, 1955. Petition for rehearing denied.