In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1625

MARK RUJAWITZ,

*Plaintiff-Appellant,*

*v.*

TIMOTHY MARTIN, former Secretary of the
Department of Transportation of the State of Illinois,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:07-cv-00427-MJR-CJP—**Michael J. Reagan**, *Judge.*

ARGUED JANUARY 13, 2009—DECIDED APRIL 2, 2009

Before BAUER, POSNER and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* Mark Rujawitz sued Timothy
Martin, Secretary of the Illinois Department of Transporta-
tion (IDOT), under 42 U.S.C. § 1983, claiming that his
substantive property right to employment had been
violated. The district court granted Martin's motion to
dismiss holding that there was no property right present.
On appeal, Rujawitz argues that a favorable procedural

ruling converted his at-will status to tenure, establishing such a right. For the following reasons, we affirm.

## I.  BACKGROUND

For approximately thirteen years, Rujawitz worked for IDOT as a Civil Engineer IV, an at-will position. This run, however, came to a halt on October 27, 2004, when Rujawitz was discharged for unlawful conduct, disruptive conduct and failure to follow a supervisory directive. The termination was prompted by Rujawitz's failure to abide by an injunction, which required him to remain at least 100 feet from his ex-girlfriend, also an IDOT employee.

A disciplinary panel reviewed the discharge and found that although not "totally without fault," Rujawitz did not violate the injunction because the contact with his ex-girlfriend was incidental. The panel also found that Rujawitz's due process was violated because IDOT did not provide sufficient documentation supporting the charges. With these findings, the panel recommended that termination was too severe and that a lesser level of discipline was more appropriate.

Martin concurred with the panel's recommendations and ordered that: (1) Rujawitz be reinstated; (2) the discharge be changed to suspension without pay (including back-pay) for a certain period; and (3) Rujawitz be transferred to a different office.

Rujawitz then brought this civil rights action, under 42 U.S.C. § 1983, against Martin, claiming that his sub-

stantive due process right to property was violated when he was denied back-pay and constructively discharged by the transfer. Rujawitz argued that IDOT's decision to utilize the disciplinary panel and Martin's concurrence with the panel's recommendations endowed him with substantive due process rights. Martin moved to dismiss the action; the district court granted Martin's motion, holding that the panel's recommendation and Martin's concurrence did not establish a property right in continued employment, since at most, it reinstated Rujawitz as an at-will employee. The district court also held that no protectable, contractual property interest existed because IDOT's policy manual expressly stated as much and that there was no agreement giving Rujawitz a tenured-employee status.

This timely appeal followed.

## II. DISCUSSION

On appeal, Rujawitz argues that the district court erred in concluding that he had no protected property interest in his continued employment with IDOT and by granting Martin's motion to dismiss his due process claim. Specifically, Rujawitz argues that because IDOT employed the disciplinary panel, which ultimately reversed Rujawitz's discharge, and Martin adopted the panel's recommendation, a substantive property right was established. Our review of a district court's grant of a motion to dismiss is de novo. *Andonissamy v. Hewlett-Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008). When ruling on a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded

allegations as true and draw all reasonable inferences in favor of Rujawitz. *Id*.

In order to make his due process claim, Rujawitz must first demonstrate that he had a constitutionally protected property interest. *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996); *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007) (citations omitted). We look to Illinois law to determine whether he had a substantive property interest in his employment with IDOT. *Moss*, 473 F.3d at 700. Under Illinois law, a person has a property interest in his job where he has a legitimate expectation of his continued employment based on a legitimate claim of entitlement. *Id*. (citing *Krecek v. Bd. of Police Comm'rs of La Grange Park*, 646 N.E.2d 1314, 1318 (Ill. App. Ct. 1995)). "To show a legitimate expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the a state or state entity to discharge him." *Moss*, 473 F.3d at 700 (quoting *Krecek*, 646 N.E.2d at 1318-19).

We begin by stating that there is neither an ordinance, a state law, nor an express employment agreement that would upgrade Rujawitz's status from at-will to tenure. IDOT's policy manual expressly stated that it did not constitute an employment contract. Rujawitz acknowledges this but argues that IDOT abandoned this disclaimer (converting his at-will status to tenure) when it convened the disciplinary panel, and when the panel issued a favorable recommendation that Martin agreed with. These occurrences, Rujawitz argues, impliedly gave

rise to more than a unilateral expectation of continuing employment.

We disagree; at most, Rujawitz relies on the disciplinary panel as a procedural guarantee. Procedural guarantees, whether relied on or not, do not establish a property interest protected under the Fourteenth Amendment's Due Process Clause. *See Miyler v. Vill. of E. Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008). We have previously held that although the lack of grievance procedures weighs strongly against a finding of for-cause employment, it does not mean that the existence of such procedures indicates for-cause employment. *Border*, 75 F.3d at 275. This is especially true in light of IDOT's contractual disclaimer. *Id*. We find meritless Rujawitz's argument that his case is different because the procedure was actually followed. The district court properly held that the entitlement must be directly to the job—namely something that required Rujawitz to be fired only for cause—and not to the disciplinary procedure. *Id.*; *Campell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991); *Farmer v. Lane*, 864 F.2d 473, 478 (7th Cir. 1988). Rujawitz only points to the use of the procedure.

The *presence* of such disciplinary procedures does not establish a property right in continued employment, despite what Rujawitz may subjectively believe, neither does the *use* of those procedures. The presumption in Illinois is that employment is at-will, *Moss*, 473 F.3d at 700, and we have not found any case where a panel's review of an employee's termination was found sufficient to rebut that presumption. What Rujawitz argues might

well prompt IDOT to stop giving such procedures to at-will employees. It seems that he is trying to penalize the state for providing him a process that ultimately got him his job back. Use of a panel review, pursuant to IDOT's policy, and Martin's concurrence, are not sufficient to establish a substantive property right.

## III.  CONCLUSION

We AFFIRM the district court's dismissal.