NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009[*]
Decided June 19, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3073

| | |
|---|---|
| THOMAS LOCH, et al., | Appeal from the United States District |
|     *Plaintiffs-Appellants*, | Court for the Southern District of |
| | Illinois. |
|     *v.* | |
| | No. 06-cv-0017-MJR |
| EDWARDSVILLE SCHOOL DISTRICT | |
| NO. 7, | Michael J. Reagan, |
|     *Defendant-Appellee*. | *Judge*. |

## O R D E R

Thomas and Glenna Loch and their daughter Kayla, a public school student with diabetes, brought suit alleging that Edwardsville School District No. 7 denied Kayla an appropriate public education suited to her disability and otherwise violated the Individuals

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, Section 504 of the Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972. The district court dismissed some of the Lochs' claims and granted summary judgment to the school district on the others. The Lochs appeal and we affirm.

Kayla's health problems began when she was diagnosed with type 1 diabetes at the age of ten. The district and the Lochs developed a so-called 504 plan, which addressed her diabetes by requiring teachers to give her additional time to complete assignments when she missed class and permitting her to eat or test her blood sugar in class when necessary. Before Kayla began Edwardsville High School about four years later, her doctor also diagnosed her with "adjustment disorder—mixed anxiety and depression" and, one year after that, social anxiety disorder. But the Lochs sought no change to Kayla's 504 plan to address the new diagnoses, and she performed well during her freshman year, although she began to regularly miss class. During the spring of Kayla's sophomore year in 2004, she stopped attending classes altogether. Without clearing the arrangement with the high school or the school district's administrators, she enrolled at Lewis & Clark Community College. Meanwhile, Kayla failed most of her classes at the high school, and at the semester's close, Edwardsville dropped her enrollment.

Over the summer of 2004, the Lochs met with Edwardsville's principal to suggest that he allow Kayla to take all of her classes at the community college while remaining registered at the high school and receiving credit toward graduation from the high school. The principal explained that, although school board guidelines did not permit this type of arrangement, he could work with the Lochs to create an alternative plan for Kayla so that she could continue her studies at Edwardsville.

The Lochs, unhappy with this response, requested an evaluation under the IDEA to assess whether Kayla was eligible for a special education plan like the one they had proposed. A team of school officials conducted a number of tests and interviewed Kayla's physicians to determine whether there was a medical cause for her absenteeism. Kayla's pediatric endocrinologist reported that her diabetes, properly controlled, was not a reason for absenteeism. Kayla's psychiatrist, whom she had not seen in six months, noted that she was not on any medication for anxiety and that, at her last appointment, she had even denied experiencing further symptoms. Kayla's therapist, whom she had also not seen in six months, noted only that Kayla was happier at the community college. Finally, Thomas and Glenna told the team that Kayla had encountered occasional problems with new teachers or substitutes who were unfamiliar with her medical conditions and that she did not like attending the high school because of conflicts with her peers. But Thomas and Glenna also acknowledged that Kayla's health problems had not interfered with her

semester at the community college, where she had earned three As and one B. Based on these interviews, the team of school officials ultimately concluded that Kayla was not eligible for special education: although they observed that she was "at risk" in the category of "school maladjustment," her intellectual and psychological functioning were normal and required no special plan.

The Lochs requested a hearing to challenge this conclusion, obtain their desired special education plan, and receive reimbursement for their tuition expenses at the community college. The hearing officer upheld the district's determination that Kayla was ineligible for further special education and concluded that the district had not violated the Lochs' procedural rights under the IDEA. She also denied the Lochs reimbursement for Kayla's community college tuition.

The Lochs then turned to federal district court. There, the court dismissed for lack of standing Thomas and Glenna's claims under the IDEA because Kayla was 18 years old when they filed suit. The court next dismissed Kayla's claims under the ADA and section 504 of the Rehabilitation Act of 1973, as well as her parents' claims under section 504, the ADA, Title VI, and Title IX, because the Lochs had not presented them to the hearing officer as they were required to do because relief for those claims was also available under the IDEA. Finally, the court granted summary judgment for the district on Kayla's Title IX and IDEA claims, holding that Kayla was not covered by the IDEA because she was not disabled, that the district had procedurally complied with the IDEA, and that the Lochs were not entitled to reimbursement for Kayla's community college tuition. The Lochs moved for reconsideration, arguing that their claims should have survived dismissal and summary judgment, but the court denied that motion.

On appeal, the Lochs contest the district court's grant of summary judgment for the district as well as the court's dismissal of some claims and its ruling on their motion for reconsideration. We begin with the court's dismissal rulings, which we review de novo. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). The Lochs first challenge the district court's order dismissing for lack of standing Thomas and Glenna's claims under the IDEA. The Lochs are correct that parents have individual enforceable rights under the IDEA, *see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526 (2007), but under Illinois law those rights are transferred to the student when that student reaches majority, *see* 20 U.S.C. § 1415(m)(1) (allowing states to transfer parental rights to student who has reached majority and has not been found incompetent); 23 IL ADC § 226.690 (transferring rights). Kayla was eighteen when the Lochs filed this action and so she alone can assert claims under the IDEA.

The Lochs next quarrel with the district court's conclusion that the parents failed to exhaust through the administrative process of the IDEA the claims that they now seek to litigate under the ADA, § 504, and Title IX. Although the Lochs concede that we ordinarily require exhaustion of such claims, *see Charlie F. v. Bd. of Ed. of Skokie Sch. Dist. 68,* 98 F.3d 989 (7th Cir. 1996), they maintain that an exception to the exhaustion requirement applies here because, they say, exhaustion would have been futile, *see McCormick v. Waukegan Sch. Dist.,* 374 F.3d 564, 568 (7th Cir. 2004). The Lochs misunderstand the scope of the exception, however: it applies only when the plaintiff seeks compensation for grievances that the IDEA does not redress, such as physical injuries. *See id.* at 568-69. Here, the Lochs have identified only injuries for which relief is available under the IDEA: a revised plan of special education and tuition reimbursement. *See* 20 U.S.C. § 1412(a). Accordingly, they were required to exhaust their claims and the district court was right to dismiss them.

The Lochs next argue that the district court erred in granting summary judgment on Kayla's claims under the IDEA. Our standard of review of grants of summary judgment in cases under the IDEA differs from the one we typically employ in evaluating a district court's grant of summary judgment. *Patricia B. v. Bd. of Ed. of Oak Park,* 203 F.3d 462, 466 (7th Cir. 2000). When no new evidence is presented to the district court in an IDEA suit, as was the case here, "the motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Heather S. v. State of Wisconsin,* 125 F.3d 1045, 1052 (7th Cir. 1997). Thus, even though it is termed "summary judgment," the district court's decision is based on the preponderance of the evidence, and we reverse only if the court's findings were clearly erroneous. *Id.*

The Lochs challenge the district court's conclusion that Kayla's medical condition is not covered by the IDEA. The IDEA defines "child with a disability" as a child who suffers from a health impairment and who, because of the health impairment, "needs special education and related services." 20 U.S.C. § 1401(3); *see also* 34 C.F.R. § 300.8(c) (health impairments covered by IDEA include diabetes and "emotional disturbances"). The Lochs believe that Kayla suffered from anxiety about attending class at Edwardsville High School and that her grades "were on a downward spiral." This, they say, is enough to meet their burden of proving that Kayla needed special education. *See Heather S.,* 125 F.3d at 1052 (party challenging outcome of administrative proceeding bears burden of proof). But Kayla's grades at Edwardsville were satisfactory, despite her diabetes and anxiety, until she stopped attending class in the spring of 2004. And the Lochs have not produced medical evidence that Kayla stopped attending school because her anxiety or diabetes had worsened. Indeed, Kayla's doctors reported that when she was not attending classes, her health was good and should not have interfered with school attendance. Finally, the Lochs offer no medical basis for her better attendance and performance at the community college.

*See, e.g., Alvin Ind. Sch. Dist. v. A.D.,* 503 F.3d 378, 384 (5th Cir. 2007) (where student made academic progress, he did not need special education); *Hood v. Encinitas Union Sch. Dist.,* 486 F.3d 1099, 1106-09 (9th Cir. 2007) (student's ability to perform at or above grade level precluded finding that she needed special education); *Rodiriecus v. Waukegan Sch. Dist. No. 60,* 90 F.3d 249, 254 (7th Cir. 1996) (no basis for school to suspect disability where student's academic performance was average). The district court thus did not err in concluding that the Lochs had not met their burden of showing Kayla required special education.

The Lochs also argue that even though their decision to enroll Kayla at the community college was their own, they were entitled to reimbursement from the district for Kayla's tuition anyway. Their chief contention is that the district failed to comply with the IDEA's procedural requirement of providing them with adequate notice before dropping Kayla's enrollment from Edwardsville. A school district's failure to comply with IDEA procedures can exempt parents from cooperating with the school to develop an alternate education plan, *see Patricia P.,* 203 F.3d at 468, but the Lochs have not shown that the district failed to comply. The record shows that the district sent letters and made phone calls informing the Lochs that Kayla was required to return to school if they wished to keep her enrolled at the high school. The district court did not err in concluding that the Lochs had not shown the type of procedural infirmity that would allow them to seek reimbursement for their unilateral placement of Kayla at the community college.

Finally, the Lochs argue that the district court should have granted their motion for reconsideration. But because we have concluded that the court properly granted summary judgment for the district, this argument presents nothing more for us to review.

We have carefully considered the remaining contentions that the Lochs have made, but they do not warrant further discussion.

**AFFIRMED**.