In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3245

GERALD COVELL,

*Plaintiff-Appellant,*

*v.*

HARMON P. MENKIS, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:05-cv-03207-RM-BGC—**Richard Mills,** *Judge.*

ARGUED NOVEMBER 5, 2009—DECIDED FEBRUARY 8, 2010

Before BAUER, MANION and WILLIAMS, *Circuit Judges*.

BAUER, *Circuit Judge.* After being terminated from his employment, Gerald Covell filed an action under 42 U.S.C. § 1983. The district court entered summary judgment for the Defendants. We affirm.

## I. BACKGROUND

The Illinois Deaf and Hard of Hearing Commission ("IDHHC") is a state government agency that was estab-

lished after the Illinois General Assembly passed the Deaf and Hard of Hearing Commission Act ("the Act") in 1996. IDHHC coordinates services for, and advocates on behalf of, deaf and hard-of-hearing individuals in Illinois. Gerald Covell became the Director of IDHHC in November 1998, and served in that capacity until August 8, 2003, when the IDHHC Commissioners (the "Defendants") voted to terminate him, effective immediately.

After being terminated, Covell filed suit, claiming that the Defendants violated his property and liberty interest rights under 42 U.S.C. § 1983, without due process. First, Covell maintains that he had a property interest in his employment, but was terminated without being afforded a required pre-termination hearing or any post-termination process to challenge his discharge. Second, Covell contends that the Defendants deprived him of his liberty interest in employment, by disseminating false information related to his termination without providing a name clearing hearing, and because of these stigmatizing disclosures, he suffered a tangible loss of other employment. Specifically, Covell alleges that the Defendants disclosed that he was terminated for viewing pornographic material on a state-issued laptop computer while on state time and altering his own time sheets.

In entering summary judgment for the Defendants, the district court concluded that Covell did not have a property interest in his position as Director of IDHHC and, based on the language of the Act and in the bylaws, Covell did not have an objectively reasonable basis for

believing that he had such an interest. In the alternative, the district court held that even if Illinois law did give Covell a property interest in his position under Illinois law, that law was not clearly established, and accordingly, the Defendants were entitled to qualified immunity. Further, the district court held that Covell could not prevail on his liberty interest claim because he could not show that any individual Defendant publicly disseminated any stigmatizing information regarding his termination. Covell timely filed this appeal.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, construing all facts and reasonable inferences in Covell's favor. *Winsley v. Cook County*, 563 F.3d 598, 602 (7th Cir. 2009). Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that the Defendants are entitled to judgment as a matter of law. Fed R. Civ. P. 56(c).

### A. Property Interest

In order to make his due process claim, Covell must first demonstrate that he had a constitutionally protected property interest. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009) (citing *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996)); *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). A person's interest in a benefit, such as continued employment, constitutes "property" for due process

purposes only if "there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit." *Border*, 75 F.3d at 273. A protected property interest in employment can arise from a statute, regulation, municipal ordinance, or an express or implied contract, such as "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Border*, 75 F.3d at 273 (citations omitted).

Since Covell was employed in Illinois, we look to Illinois law to determine whether he had a substantive property interest in his employment with IDHHC. *Moss*, 473 F.3d at 700. Under Illinois law, a person has a property interest in his job where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement. *Id.* (citations omitted). "To show a legitimate expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Id.* Covell argues that the administrative rules and bylaws support his contention that he had a legitimate expectation of continued employment.

2 Ill. Admin. Code § 3300.380(a), provides, in part, as follows:

a)   The Director shall be the executive officer of the Commission; shall be hired, supervised, and evaluated by the Commission; and shall serve at the pleasure of the Commission. . . .

. . . .

2) The Director shall be afforded the same rights and privileges as outlined in the Personnel Code [20 ILCS 415], except for hiring.

Similarly, Article VI, Section I of the Commission Bylaws provides:

1. Director shall be the executive officer of the Commission; shall be hired, supervised, and evaluated by the Commission; and shall serve at the pleasure of the Commission.

. . . .

3. The Director shall be afforded the same rights and privileges as outlined in the Personnel Code (20 ILCS 415), except for hiring.

The Personnel Code, mentioned in both the Administrative Rules and Bylaws, provides a system of personnel administration for the state government under the governor, based on merit principles and scientific methods. *See* 20 Ill. Comp. Stat. 415/2. Generally, directors of department and members of commissions are exempted from the Personnel Code. *See* 20 Ill. Comp. Stat. 415/4c(7), *amended by* 2008 Ill. Legis. Serv. P.A. 95-728 (S.B. 970). However, the Personnel Code provides for partial exemptions for directors and other positions if the Civil Service Commission determines that the position "involve[s] either principal administrative responsibility for the determination of policy or principal administrative responsibility for the way in which policies are carried out," based upon written recommendation of the Director of Central Management Services ("CMS"). 20 Ill.

Comp. Stat. 415/4d(3). Accordingly, provisions of the Personnel Code, called "jurisdictions", can be extended to specified individuals if the CMS Director makes the recommendation. The Personnel Code provides, in part:

> No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed discharged or demoted, or be suspended for a period of more than 30 days, in any 12 month period, *except for cause*. *See* 20 Ill. Comp. Stat. 415/11 (emphasis added).

Therefore, if Covell was covered under jurisdiction B, he could only be terminated for cause.

Covell does not argue that he was covered by the Personnel Code. *See* Reply Br. at 5. However, he claims that he had a property interest in his employment because he had "the same rights and privileges as outlined in the Personnel Code [20 ILCS 415], except for hiring." Based on the language of the Personnel Code, Covell maintains that he could not be terminated from his employment absent good cause, and argues that the lack of either a pre-disciplinary hearing or a prompt hearing following the assessment to terminate him violated his rights under 42 U.S.C. § 1983.

The Defendants dispute that Covell could only be terminated for cause and maintain that Covell was an "at will" employee who served "at the pleasure" of the Commission. To the extent that Covell argues that the Defendants intended to provide him an extension of Personnel Code protection for all employment matters,

other than hiring, the Defendants assert that any attempt would be beyond the Commission's authority. The Defendants note that the General Assembly specifically created a provision for extension of jurisdiction within the Personnel Code, *see* 20 Ill. Comp. Stat. 415/4b, but there is no evidence that the Defendants sought to undertake this process in order to provide Covell with all of its protections, except for the specific provision related to hiring. Covell maintains that the Commission's inclusion of the phrase "except for hiring" was based on its desire to be able to hire a deaf director in the future.

Viewing the facts in the light most favorable to Covell, we conclude that he failed to sufficiently demonstrate that he had a property interest in his employment because he did not establish that there was a mutually explicit understanding that he could only be terminated for cause. Instead, the rules governing the Commission make clear that Covell's position as Director of IDHHC was terminable at will. The language from 2 Ill. Admin. Code § 3300.380(a) that states that the Director "shall be hired, supervised, and evaluated by the Commission; and shall serve at the pleasure of the Commission" as well as the portion of the bylaws that state that he "shall serve at the pleasure of the Commission" supports this conclusion. The Personnel Code, standing alone, does not establish that Covell could only be terminated for cause, as it provides multiple rights and privileges, and Covell cannot establish that he is entitled to the protections under jurisdiction B. To find a contrary interpretation, i.e., that Covell enjoyed the right to be employed except

for cause, would conflict with the previously stated language that states Covell serves "at the pleasure of the Commission." As we conclude that Covell was an at-will employee, it is unnecessary to discuss whether the Defendants would be covered under qualified immunity.

### B.   Liberty Interest

When an individual is terminated from a position "for stated reasons likely to make him all but unemployable in the future, by marking him as one who lost his job because of dishonesty or other job-related moral turpitude," due process must be provided. *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1139 (7th Cir. 1984). A government employee's liberty interests are implicated where in terminating the employee the government "make[s] any charge against him that might seriously damage his standing and associations in the community" or "impose[s] on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972).

In order to prevail on a liberty interest claim, a plaintiff must show "that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publically disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *Townsend v. Vallas,* 256 F.3d 661, 669-70 (7th Cir. 2001) (citations omitted). A plaintiff must demonstrate that a named defendant was the individual who made the disclosure; a "*res ipsa loquitur[-]like* approach,

while perhaps sufficient to establish that someone . . . published the information, does not sufficiently establish that the someone was [a named Defendant]*." McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992) (emphasis in original). Further, the specific stigmatizing statements must be made public; statements made to employees within a department are not considered public dissemination. *Id.* at 1035-36.

In finding that Covell could not prevail on his liberty interest claims, the district court reasoned that Covell failed to demonstrate that any of the Defendants disclosed the stigmatizing information. The district court concluded that the Defendants cannot be liable under 42 U.S.C. § 1983 for actions of others, even if the other individuals who disseminated the stigmatizing information were affiliated in some way with the Commission and the Defendants.

In his appeal, Covell maintains that "[a] constitutional violation under the Due Process Clause with respect to a liberty interest claim is not the dissemination of information, but instead the failure to provide a name clearing hearing." Appellant's Br. at 29. Citing *Mitchell v. Glover,* 996 F.2d 164 (7th Cir. 1993), and *Ratliff v. Milwaukee*, 795 F.2d 612 (7th Cir. 1986), Covell contends that if the dissemination was by the government, but not necessarily by one of the Defendants, his liberty interest was implicated because the government employer needs only to have a role in disclosing the information. Accordingly, Covell asserts that because the release and dissemination of the stigmatizing information had to

originate from either a named Defendant or a Commission employee, a reasonable trier of fact could conclude that the Defendants set in motion the dissemination of information, which would be sufficient to set forth a cognizable claim.

Like the district court, we disagree with Covell's assertion. *McMath* makes clear that a plaintiff must prove that a defendant disseminated the stigmatizing information to the public. This court cannot find any evidence that any individual Defendant disseminated the stigmatizing information to the public. The district court properly discounted *Mitchell* and *Ratliff*, both of which named the employing entity as a defendant and both of which held that the plaintiff failed to establish a liberty interest claim.

On appeal, Covell notes that while the local governmental defendants in *Mitchell* and *Ratliff* could be named as defendants, the Commission, as an agency of the state, could not be joined in an action under 42 U.S.C. § 1983. App. Br. at 30. He then cites to *Hannon v. Turnage*, 892 F.2d 693 (7th Cir. 1990), contending that like the case at bar, *Hannon* did not require as a condition of liability that the individual defendants participated in the dissemination of information. We do not find that *Hannon* supports Covell's argument, as the *Hannon* court concluded that there was no liberty interest deprivation. *Hannon*, 892 F.2d at 660. We further note that even if 42 U.S.C. § 1983 permitted an entity like the Commission to be named in a lawsuit, Covell would still need to establish that a named defendant violated his liberty interests. *See*

*McMath* ("Furthermore, the City of Gary cannot be held liable on this claim unless [the mayor], an official whose acts constituted official policy of the City of Gary, violated [the plaintiff's] liberty interests.") We conclude that Covell failed to sufficiently demonstrate that the Defendants' actions deprived him of a liberty interest.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.