NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013[*]
Decided January 24, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2917

| | |
|---|---|
| MICAH E. GLENN,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>BRADLEY CENTER SPORTS AND<br>ENTERTAINMENT CORPORATION, et<br>al.,<br>*Defendants-Appellees.* | Appeal from the United States District<br>Court for the Eastern District of<br>Wisconsin.<br><br>No. 12-C-670<br><br>Aaron E. Goodstein,<br>*Magistrate Judge.* |

**O R D E R**

Micah E. Glenn appeals the dismissal of his complaint against the Bradley Center Sports and Entertainment Corporation and several of its employees and attorneys. Glenn charges that the defendants fired him without due process and in breach of contract. A

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

magistrate judge, proceeding with Glenn's consent, *see* 28 U.S.C. § 636(c)(1), dismissed the suit for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1). Because Glenn did not have a property interest in his employment, we affirm.

We accept as true the allegations in Glenn's complaint. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). In May 2010, Glenn began training to work as an arena control operator with the Bradley Center. The Center, which hosts three sports teams and countless other special events, was created by the Wisconsin legislature, *see* WIS. STAT. § 232.03. According to its website, the Center "is the only major, public assembly facility in North America with construction underwritten through the philanthropy of a single family." *Arena Highlights*, http://www.bmoharrisbradleycenter.com/arena-info/arena-highlights (visited Dec. 19, 2012). Three months after his training, the Center hired Glenn. His contract —contingent upon the results of a drug screening, which Glenn passed—provided for permanent placement as an arena control operator.

The Center fired him the next year. In an exchange of letters with the Center's attorneys about the discharge, Glenn contended that his due process rights were violated because the Center fired him without notice or a hearing. The attorneys replied that he had no property interest in his employment because he was an at-will employee and was fired because he violated the employee handbook by copying Bradley Center documents onto a flash drive. Glenn repeated his due-process contentions in his complaint, where he added contract and tort claims and denied the Bradley Center's asserted grounds for firing him.

The magistrate judge—citing to this court's passing reference to the Bradley Center's status as a private entity in *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 524 (7th Cir. 2003) —concluded that the Bradley Center is not a state actor. *See Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (Fourteenth Amendment "affords no shield" against private conduct). Having dismissed Glenn's sole federal claim, the magistrate judge declined to exercise supplemental jurisdiction over Glenn's state-law claims.

On appeal Glenn first challenges the magistrate judge's conclusion that the Bradley Center is a private entity. He observes that the Wisconsin legislature created the Center by special law, *see* WIS. STAT. § 232.03, and that the governor of Wisconsin, with the advice and consent of its senate, retains the permanent authority to appoint a majority of the Bradley Center's board of directors, *see* WIS. STAT. § 232.03(2)(a). We need not decide whether the Bradley Center is a state actor under the test of *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 395–400 (1995), because we conclude that Glenn has not alleged a constitutionally protected interest in his employment with the Center.

To establish a due-process claim, Glenn must identify a protected property or liberty interest in his employment. *See Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 621 (7th Cir. 2012); *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). We look to Wisconsin law to determine whether Glenn had such an interest. *See Rujawitz*, 561 F.3d at 688; *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007). In Wisconsin, employees generally have no claim of entitlement to employment. Unless civil-service regulations or laws, or a contract or collective-bargaining agreement provide otherwise, employment is terminable at the will of either party, and there is no property interest. *See Bd. of Regents of Univ. of Wis. Sys. v. State Pers. Comm'n*, 646 N.W.2d 759, 769 (Wis. 2002); *Vorwald v. Sch. Dist. of River Falls*, 482 N.W.2d 93, 96 (Wis. 1992). The Bradley Center is specifically exempted from complying with civil-service protection laws in Wisconsin, *see* WIS. STAT. § 232.05(1)(g), and Glenn has not alleged that he was protected by any collective bargaining agreement. Thus we turn to the terms of Glenn's contract as he has described them in his complaint.

Glenn alleges that his employment was on a "non at-will basis." But that allegation is merely a legal conclusion, which we need not accept as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). Glenn further describes his contract as providing for permanent employment. But he correctly acknowledges that in Wisconsin, "a contract for permanent employment, for life employment, or for other terms purporting permanent employment . . . amounts to an indefinite general hiring terminable at the will of either party." *Smith v. Beloit Corp.*, 162 N.W.2d 585, 587 (Wis. 1968); *see also Forrer v. Sears, Roebuck & Co.*, 153 N.W.2d 587, 589–90 (Wis. 1967); *Heinritz v. Lawrence Univ.*, 535 N.W.2d 81, 83 (Wis. App. Ct. 1995). Unless Glenn can demonstrate that he furnished "consideration additional to the services incident to [his] employment," *Smith*, 162 N.W.2d at 587, he cannot establish a protected property interest. S*ee Forrer*, 153 N.W.2d at 589–90; *Heinritz*, 535 N.W.2d at 83.

Glenn argues that he furnished additional consideration because his employment with the Bradley Center was contingent upon the results of a drug screening, which he passed. But passing the drug screening was merely a condition precedent to his employment. It was not a further commitment from Glenn to the Bradley Center; the Center could not sue Glenn on it if he flunked the screening. *See* 13 Williston on Contracts § 38:5 (4th ed. 2012); *In re Oelflein's Estate,* 209 Wis. 386 (Wis. 1932). The condition therefore did not provide any additional consideration to the Bradley Center. *See Smith*, 162 N.W.2d at 587–88; *Forrer*, 153 N.W.2d at 589–90. Glenn, therefore, cannot establish under Wisconsin employment-contract principles a property interest in his employment.

Glenn responds that, apart from contract principles, he had a property interest in his employment because Wisconsin's civil-service law, WIS. STAT. § 232.05(1)(g),

unconstitutionally exempts the Bradley Center's employees from civil-service protections. But "the [Wisconsin] legislature may elect not to confer a property interest in [public] employment" without violating the Constitution. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Listenbee v. City of Milwaukee*, 976 F.2d 348, 352 (7th Cir. 1992). Glen, therefore, did not have a property interest in his employment under either contract or civil-service law, so the Center did not violate due process by firing him without a hearing. *See Loudermill*, 470 U.S. at 541; *Moulton v. Vigo Cnty.*, 150 F.3d 801, 804 (7th Cir. 1998); *Fittshur v. Vill. of Menomonee Falls*, 31 F.3d 1401, 1405 (7th Cir. 1994).

Finally, Glenn contends that, even if he did not have a property interest in his employment, due process still guaranteed him a hearing because the Bradley Center, which fired him based on charges of "dishonesty or immorality," infringed on his liberty interest in his good name and reputation in the community. But under *Paul v. Davis*, 424 U.S. 693 (1976), and its successors, Glenn does not have a due-process claim unless "(1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *See Townsend v. Vallas*, 256 F.3d 661, 669–70 (7th Cir. 2001); *Head v. Chi. Sch. Reform Bd. of Trs.*, 225 F.3d 794, 801 (7th Cir. 2000). Glenn has not alleged that the Bradley Center ever publicly disclosed the charges against him, or that he was ever denied an employment opportunity because of the charges.

Because the magistrate judge did not err by dismissing Glenn's due-process claim, he also did not err by declining to exercise supplemental jurisdiction over Glenn's state-law claims and dismissing them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 532–33 (7th Cir. 2011) (noting usual practice to dismiss without prejudice state supplemental claims after dismissing federal claims).

AFFIRMED.